Argued September 16; modified November 12; rehearing
denied December 16, 1947

## BECHTOLD ET AL. *v.* WILSON ET AL.
186 P. (2d) 525
187 P. (2d) 675

*William D. Green, Jr.,* of Roseburg, for appellants.

*Harrison R. Winston,* of Roseburg, for respondents.

Before LUSK, Acting Chief Justice, and BELT, BAILEY, HAY and WINSLOW, Justices.

LUSK, J.

In the view we take of the case the only question that need be decided is whether the remedy of writ of review was available to the appellants. If it was not, it makes no difference whether the ruling on the demurrer was erroneous or otherwise.

In *Asher v. Pitchford,* 167 Or. 70, 76, 115 P. (2d) 337 (1941), we had occasion to say that the scope of the writ of review and the character of decisions of inferior tribunals that may be called in question by that proceeding "are matters not always easy of solution and which have not been clearly defined by the previous decisions of this court." The re-examination of the subject which this case has demanded has given us no reason to doubt the accuracy of that observation. If anything, it is an understatement. The question now presented is essentially the same as that which we found it unnecessary to decide in *Asher v. Pitchford,* namely, whether a mere error of judgment of an inferior court in passing upon a question of pleading is the kind of error which can be corrected on writ of review. To determine that question, and, we hope, to settle it, a somewhat extensive review of the Oregon decisions is deemed advisable.

Writ of review in this state is a statutory remedy. The sections of O. C. L. A. pertinent to the present discussion are as follows:

"§ 11-201. The writ heretofore known as the writ of certiorari is known in this Code as the writ of review."

"§ 11-202. Any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors therein, as in this chapter prescribed, and not otherwise. Upon a review, the court may review any intermediate order involving the merits and necessarily affecting the decision or determination sought to be reviewed."

"§ 11-204. The writ shall be concurrent with the right of appeal, and shall be allowed in all cases where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exer-

cised such functions erroneously, or to have exceeded its or his jurisdiction, to the injury of some substantial right of the plaintiff, and not otherwise."

"§ 11-210. Upon the review, the court shall have power to affirm, modify, reverse, or annul the decision or determination reviewed, and if necessary, to award restitution to the plaintiff, or by mandate direct the inferior court, officer, or tribunal, to proceed in the matter reviewed according to its decision. From the judgment of the circuit court on review, an appeal may be taken to the supreme court in like manner and with like effect as from a judgment of such circuit court in an action."

The foregoing provisions read today as they did in 1862 when they were enacted, except § 11-204, which originally provided:

"The writ shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy, and where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously, or to have exceeded it[s] or his jurisdiction, to the injury of some substantial right of the plaintiff, and not otherwise." 1 Hill's Ann. L. 501, § 585.

The change in this section to its present form was effected by an amendment adopted in 1889. L. O. 1889, p. 135. The amendment, it will be observed, eliminates the provision that the writ shall be allowed "in all cases where there is no appeal or other plain, speedy, and adequate remedy", and provides instead that it "shall be concurrent with the right of appeal". No other change was made.

It is § 11-204 to which we must look to ascertain the class of cases in which the remedy of review may be used. There is no difficulty in applying the provision

that the writ shall be allowed in all cases in which the inferior tribunal, in the exercise of judicial functions, appears "to have exceeded it[s] or his jurisdiction"; the confusion in the decisions has come in interpreting the provisions that "the writ shall be concurrent with the right of appeal", and shall be allowed when the inferior tribunal "appears to have exercised such functions erroneously".

*Hill v. State,* 23 Or. 446, 32 P. 160 (1893), appears to have been the first case in which the 1889 amendment was construed. It was there held that review was the proper remedy where the defendant in a criminal case in a justice's court was convicted under a complaint which did not charge an offense against the defendant. Referring to the 1889 amendment, the court said in an opinion by Chief Justice LORD:

"It is manifest, as the section now stands, that where there is a right of appeal there is a right to a writ of review, as the latter is made concurrent with the former, so that in all cases where the inferior tribunal exceeds its jurisdiction, or exercises its powers erroneously, and a right of appeal exists, there is the concurrent right of review."

To the objection that there was no right of appeal in the particular case (the fine being less than $20.00), and therefore no right to the writ, the court answered that this would be so if the section, as amended, only made the right of review concurrent with the right of appeal. But it was said "it not only provides that the writ shall be concurrent with the right of appeal, but that it 'shall be allowed in all cases' where the inferior tribunal acts without jurisdiction, or exercises its powers erroneously to the injury of the plaintiff"; and, since it was conceded that the court acted

without jurisdiction, the plaintiff was entitled to the writ.

It should be observed that this decision goes no further than to hold that, where an inferior court exceeds its jurisdiction, review will lie even though there is no right of appeal. The language of Chief Justice LORD, first above quoted, is not, in our opinion, to be taken as meaning that the writ of review is given in every case where there is a right of appeal; but, rather, that in every case where an inferior tribunal exceeds its jurisdiction, or exercises its judicial functions erroneously, resort may be had to review, even though an appeal is authorized. It was certainly not intended to suggest, for example, that a decision of a question of fact may be corrected on writ of review. Questions of fact may be determined on appeal from the justice's court to the circuit court; but it is held consistently that, on review, the court will not pass upon questions of fact and that "questions presented by a writ of review must be tried by the record of the inferior tribunal whose proceedings cannot be contradicted at the trial." *Lechleidner v. Carson,* 156 Or. 636, 645, 68 P. (2d) 482 (1937); *Cookinham v. Lewis,* 58 Or. 484, 488, 114 P. 88, 115 P. 342 (1911); *Dayton v. Board of Equalization,* 33 Or. 131, 139, 50 P. 1009 (1897); *Oregon Coal Company v. Coos County,* 30 Or. 308, 47 P. 851 (1897); *Vincent v. Umatilla County,* 14 Or. 375, 12 P. 732 (1887).

The amended statute was again considered in *Kirkwood v. Washington County,* 32 Or. 568, 52 P. 568 (1898). The question on review was whether a county judge had exceeded his powers in ordering certain property of a taxpayer to be applied to the payment of his delinquent taxes, and the contention

was made that review was not the proper remedy because the question could have been raised by appeal. But the court, in an opinion by Mr. Justice ROBERT S. BEAN, held that the 1889 amendment had changed the law in that regard, quoting the language of Mr. Chief Justice LORD in *Hill v. State* to which reference has just been made.

*Dayton v. Board of Equalization,* supra, holds, among other things, that the courts cannot, upon writ of review from the action of the Board of Equalization, correct errors and irregularities of the assessors or county boards in making up their assessment rolls. The court, in an opinion by Mr. Justice WOLVERTON, said concerning the scope of the writ:

> "It is substantially the common-law remedy by certiorari, which was invoked for the purpose of having the entire record of the inferior tribunal brought up for inspection, to determine whether it had jurisdiction, or had exceeded its jurisdiction, or had failed to proceed according to the essential requirements of the law." 33 Or. 139.

That Mr. Justice ROBERT S. BEAN did not think that the statute made the writ of review a substitute for an appeal, or was intended to provide a means for the correction of every manner of error of law committed by an inferior tribunal, acting within its jurisdiction, definitely and clearly appears in the opinion which he wrote for the court, within the same year that *Kirkwood v. Washington County* was decided, in the case of *Garnsey v. County Court,* 33 Or. 201, 54 P. 539, 1089 (1898). It was there sought to correct by writ of review the decision of a county court, sitting in probate, allowing a claim against an estate for fees and expenses incurred by an attorney as the attorney

for the former administrator of such estate. The court held that a writ of review would not lie in such a case since there was "no pretense that the county court of Klamath County did not have jurisdiction to pass upon the legality of Knight's claim, or that its proceedings in relation thereto were not in due form." In answer to the contention that the county court erred in deciding that the claim was valid as against the estate, the court said:

"This was a question which it was authorized to decide, and its conclusion, however erroneous, cannot affect its jurisdiction, or the regularity of its proceedings, and hence presents no question for determination on a writ of review."

It was said that the statutory writ of review is substantially the common-law remedy of certiorari with some modifications as to when the writ may issue and the relief which may be granted; that certiorari was used at common law when there was no remedy by appeal or writ of error for the sole purpose of determining from an inspection of the record whether an inferior tribunal "had acted without jurisdiction, or in excess thereof, *or having jurisdiction, had proceeded illegally and contrary to the course of the common law*" (italics added); that although, under the statute, the fact that the right of appeal exists is no objection to the issuance of the writ, "the statute does not materially enlarge the scope of the writ, or substantially change its character or purpose"; and that it lies in two classes of cases: "First, whenever the inferior court or tribunal has exceeded its jurisdiction; and, second, whenever it has exercised its judicial functions erroneously (that is, *illegally and contrary to the course of procedure applicable to the matter before it*)" (italics added). "Its object, under the statute, as at

common-law, is to keep the inferior courts and tribunals within the bounds of their jurisdiction, and compel them to proceed regularly in the disposition of matters brought before them for determination; *but it cannot be used as a substitute for an appeal, nor does it lie to correct mere errors in the exercise of rightful jurisdiction, or to inquire whether the rulings of the inferior tribunal upon the law and the evidence, and in the application of the law to the facts, are correct."* (Citing authorities) (Italics added)

Answering the contention that the effect of the 1889 amendment was to give a right to a review in all cases in which an appeal lies, the court said:

"If the position of the petitioners is correct, the writ becomes a concurrent remedy with an appeal, and any questions of law which can be raised on an appeal can be tried in such a proceeding; but this is manifestly not its object or purpose. It is true, the statute provides that it shall be concurrent with the right of appeal, but it does not provide that it shall be a concurrent remedy with an appeal. Under the statute, the fact that the right of appeal exists is no objection to the issuance of the writ, if otherwise proper, but it cannot be substituted for a writ of error or appeal. The reason for the amendatory act of 1889 is well known. Prior to that time the course of judicial decisions in this state had not been uniform as to when a writ of review would lie. It was first held to be concurrent with an appeal: Schirott v. Phillippi, 3 Or. 484. This was afterwards denied, and it was held that a writ could not issue so long as the right of appeal existed, but that when the time for an appeal had expired it might be issued: Evans v. Christian, 4 Or. 375. And finally it was held that the writ would not lie in any case where the right of appeal was given by law: Ramsey v. Pettengill, 14 Or. 207 (12 Pac. 439). It was to settle the contradictions

involved in those cases that the act of 1889, making the writ of review concurrent with the right of appeal, was passed. But it was not intended to, nor did it in any way, change the scope or effect of the writ, or authorize the determination of any questions in such a proceeding which could not have been tried therein before its passage."

An illustration of the application of the rules enunciated in *Garnsey v. County Court* is found in *Hayden v. Pearce*, 33 Or. 89, 52 P. 1049 (1898), opinion by Mr. Justice ROBERT S. BEAN. Two defendants were sued in the justice's court for money upon an account for goods sold. On the trial it appeared that some of the goods were sold to the defendants jointly and the rest to only one of them, and the court segregated the several amounts due and entered a joint judgment for one amount against both defendants and a several judgment against the other for the remainder. It was held that this was error, and that the question could be raised on writ of review. The court said:

"When the misjoinder appears from the complaint it should be taken advantage of by demurrer, and the plaintiff required before trial to elect upon which cause of action he will proceed; but, as it does not appear on the record in this case until the judgment, resort may be had to the writ of review for the correction of the error by a superior tribunal."

*Fanning v. Gilliland*, 37 Or. 369, 61 P. 636, 67 P. 209 (1900), was a proceeding by writ of review to test the legality of the establishment by a county court of a road of public easement across the lands of the plaintiff. A contention was made that the plaintiff had waived his right to proceed by writ of review by appealing to the circuit court from the assessment of damages. The contention was rejected, the court,

in an opinion by Mr. Chief Justice WOLVERTON, saying that by the 1889 amendment "the writ of review is made concurrent with the right of appeal, so that an appeal from the assessment of damages does not waive the right to have the proceeding to lay out and establish the road reviewed at the same time." *Hill v. State* and *Kirkwood v. Washington County* were cited. *Garnsey v. County Court* was not.

Again in *Feller v. Feller,* 40 Or. 73, 66 P. 468 (1901), opinion by Mr. Justice WOLVERTON, the question was whether the plaintiff had lost his right to a writ of review by taking an appeal, and it was held that, since the appeal had not been perfected by filing a transcript, the proceeding by writ of review was still available to the plaintiff. The decisions prior to the 1889 amendment were reviewed, and *Hill v. State, Kirkwood v. Washington County,* and *Fanning v. Gilliland* were cited to the proposition that "the effect of the change was to give concurrent remedies". Oddly enough, *Garnsey v. Washington County* was not mentioned. The court concluded the statement of its reasons for its decision by saying:

> "And it may be safely predicated that the present statute even goes further than this, and that a party is given his choice of remedies, and may pursue the one or the other at his option."

The error complained of in this case was the entry of a judgment in a replevin action in a justice's court upon a verdict which omitted to find that the plaintiff was the owner of the personal property in question. Such a verdict was held to be insufficient to support the judgment, which was reversed.

The next case to be considered is *McAnish v. Grant,* 44 Or. 57, 74 P. 396 (1903). In an action of forcible

detainer the justice's court granted the defendant's motion for judgment on the pleadings. Plaintiff sought to have the judgment set aside on writ of review, but it was held, in an opinion by Mr. Chief Justice MOORE, that the question could be raised only by appeal. It was said: "The writ of review bears the same relation to our system of civil procedure that the writ of certiorari sustained to the common law". (44 Or. 61) *Dayton v. Board of Equalization* and *Garnsey v. County Court* were cited and quoted from. The opinion reviews at some length prior decisions of the court on the question, and cites Harris, Certiorari, § 44, and *Garnsey v. County Court* to the statement that "these remedies (that is, writ of review and appeal) are dissimilar, and certiorari cannot be used to subserve the purposes of an appeal". (44 Or. 62)

The court further said:

"In those States which have not materially departed from the doctrine of the common law in respect to the remedy of certiorari, the rule prevails that the writ will not lie to correct errors in the exercise of a rightful jurisdiction, the causes never being tried *de novo* on the merits"

citing 4 Ency. Pl. & Pr. 98; Harris, Certiorari, § 2. The court then quoted from Spelling on Extraordinary Relief, § 1891, as follows:

"An error of judgment on the part of a judge or officer, either as to the facts or to the law of the case, could not be inquired into and corrected." (44 Or. 62)

Referring to the provisions of the forcible entry and detainer statute, it was said:

"Whether or not the sections of the statute adverted to warranted the conclusion announced might be a pertinent inquiry in case an appeal had

been taken; but as the justice's court possessed power to render the judgment which it pronounced, whether erroneous or valid, it cannot be inquired into in a special proceeding of this character, for that would be making a writ of review a substitute for an appeal." (44 Or. 65)

In *Farrow v. Nevin,* 44 Or. 496, 75 P. 711 (1904), a writ of review was taken to review the action of the county court, sitting in probate, allowing a claim against an estate. The court, in an opinion by Mr. Justice ROBERT S. BEAN, held that the question presented was not one of an erroneous exercise of rightful jurisdiction, but that the county court exceeded its jurisdiction in allowing the claim of an administrator for money alleged to have been loaned by him to the decedent because it was prohibited from doing so by law, since a statute required such a claim to be presented to the county judge for allowance before it is barred by the statute of limitations and the claim in this case was not so presented. Discussing the contention that the remedy of the plaintiffs was by an appeal from the decree of the county court and not by writ of review, the court said:

"A writ of review, under our statute, cannot be used as a substitute for an appeal, nor can a mere error of an inferior court, officer, or tribunal, either of fact or of law, in the exercise of a rightful jurisdiction, be reviewed or considered in such a proceeding. The writ will lie only when the inferior court or tribunal has exceeded its jurisdiction or exercised its functions illegally or contrary to the course of procedure applicable to the matter before it: Garnsey v. County Court, 33 Or. 201 (54 Pac. 539, 1089); McAnish v. Grant, 44 Or. 57 (74 Pac. 396)."

But the court proceeded to point out that, since the county court had violated a statute in allowing the

claim, the case fell within the limitations upon the remedy by writ of review laid down in the previous decisions to which it had made reference.

Precisely the same question as was decided in *McAnish v. Grant* was again before the court in *McCabe-Duprey Tanning Co. v. Eubanks,* 57 Or. 44, 102 P. 795, 110 P. 395 (1910), and a like decision was rendered upon the authority of *Garnsey v. County Court* and *Dayton v. Board of Equalization,* the court saying that "the writ of review only lies to review the action of the lower court, when it has exceeded its jurisdiction or has exercised its functions erroneously; that is, in the manner not authorized by law", and that "error of the court in passing upon the sufficiency of the pleadings is not an erroneous exercise of jurisdiction."

In the next succeeding volume of our reports, however, we find the court apparently reversing its position in the case of *Title Abstract Co. v. Nasburg,* 58 Or. 190, 113 P. 2 (1911), where it was held that a decision of the justice of the peace overruling a demurrer to an answer which pleaded a counter-claim would be corrected on writ of review. The court, in an opinion by Mr. Justice BURNETT, disposed of the question in two sentences and without citation to any authority. Possibly, by a refined process of reasoning, the ruling might be reconciled with the prior decisions on the theory that the justice of the peace, in overruling the demurrer, had proceeded illegally, since the counter-claim was one not authorized by law. But such a distinction does not seem to have been in the mind of the court when it said that "a writ of review is a direct proceeding to correct *the errors of law* apparent on the face of the record of an inferior tribunal." (Italics added)

*Hodgdon v. Goodspeed,* 60 Or. 1, 118 P. 167 (1911), holds that where a justice of the peace entered a default judgment against a defendant after an amended complaint had been filed (no time having been fixed by the court for answering such complaint, as the statute required) the judgment should be reversed on writ of review. This was clearly a case where the inferior tribunal had acted ''illegally and contrary to the course of procedure applicable to the matter before it''. *Garnsey v. County Court,* 33 Or. 207.

*Clubine v. City of Merrill,* 83 Or. 87, 163 P. 85 (1917), states that a party cannot resort to the use of appeal and writ of review at the same time. The decision, however, is that, since the judgment sought to be reviewed had been vacated by the justice of the peace who entered it, there was nothing to which the writ of review could have applied. The later case of *City of Portland v. Kamm,* 132 Or. 311, 317, 285 P. 240 (1930), in effect overrules the holding in *Fanning v. Gilliland,* supra, that a party may prosecute both remedies at the same time.

In *Roethler v. Cummings,* 84 Or. 442, 165 P. 355 (1917), it was held that a claim of no jurisdiction, based on the charge that the complaint and summons had not been served on the defendants and that they had not appeared in the action or answered the complaint, warranted the issuance of a writ of review.

In *Cooper v. Bogue,* 92 Or. 122, 179 P. 658, 180 P. 103 (1919), it was held that, while the remedies by review and appeal are concurrent, they are not cumulative—that is, they cannot both be pursued at the same time. The legal question sought to be raised by the writ was upon the correctness of the decision of a justice of the peace on a demurrer to an answer which

pleaded counter-claims. The defendant obtained a writ of review and also appealed. The circuit court dismissed the appeal because the writ of review was pending, and its order was affirmed on appeal to this court. Thus, the effect of the decision is to hold that the question could have been raised by writ of review. This, however, is merely assumed, and there is no discussion of the right to a writ of review in such a case.

*Brown v. City of Portland,* 120 Or. 76, 249 P. 819 (1926), opinion by Mr. Justice BELT, is a reversion to the doctrine of *Garnsey v. County Court, McAnish v. Grant, Farrow v. Nevin,* and *McCabe-Duprey Tanning Co. v. Eubanks.* A defendant, convicted in the municipal court of Portland for unlawful possession of intoxicating liquor, obtained a writ of review and attempted to raise the question of the validity of a search warrant and the admission in evidence of property seized in the search. The court said that the writ does not lie to review alleged errors in the admission of evidence by a court acting within the rightful exercise of its jurisdiction, and that, while the statute provides that the writ shall be concurrent with the right of appeal, it was not the intention of the legislature that it be substituted for an appeal (citing the cases just mentioned).

Again, in *Lechleidner v. Carson,* 156 Or. 636, 68 P. (2d) 482 (1937), the court, in an opinion by Mr. Justice RAND, in a case involving the discharge of a policeman, discussed at length the scope of the remedy by writ of review and reaffirmed to its full extent the doctrine of *Garnsey v. County Court* and the cases which have followed that decision, quoting at length and with express approval from the opinion in the Garnsey case.

The most recent decision in which the subject has

been given attention is *Asher v. Pitchford,* to which we have already referred, although, as previously stated, the question now presented was not decided. The opinion, however, approves what is said in *Garnsey v. County Court* about the reasons for the adoption of the 1889 amendment and the views there expressed as to the effect of the amendment upon the scope of the writ of review.

The foregoing is a fairly complete review of the decisions construing our present statute, which, in view of the facts involved, are pertinent to the discussion. There are other cases in which the court has stated generally that the writ of review lies to correct errors of law appearing on the face of the record of the inferior tribunal; but, in as much as in them the question now under consideration was not presented, they shed little or no light on our problem. See, e. g., *Roethler v. Cummings,* supra.

■■ Upon consideration of these authorities we are of the opinion that the true rule is that laid down in *Garnsey v. County Court* and re-affirmed in the recent cases of *Asher v. Pitchford* and *Lechleidner v. Carson*: That the writ of review does not lie "to correct mere errors in the exercise of rightful jurisdiction", but only "to keep inferior courts and tribunals within the bounds of their jurisdiction, and compel them to proceed regularly in the disposition of matter brought before them for determination"; and that the only effect of the 1889 amendment, making the writ of review concurrent with the right of appeal, was to preserve the right to the writ, if otherwise proper, notwithstanding the existence of a right of appeal. We cannot add anything to the force of the court's reasoning in the Garnsey case, and shall not attempt to do so. It is

an impressive fact that in those cases—*Title Abstract Co. v. Nasburg* and *Cooper v. Bogue*—in which it was directly decided that an error of the kind now under consideration could be corrected on writ of review, no authority is cited or reasoning adduced in support of the holdings, and prior decisions which reach the opposite conclusion are ignored. This observation is not intended to apply to *Hill v. State* or *Feller v. Feller,* but as to those cases, while there is language in the opinions which seems to conflict with our construction of the statute, the point involved could not have been differently decided under the view which we adopt, for in the former case the inferior court had acted without jurisdiction—that is, it convicted a defendant on a complaint which did not state a crime against him—and in the latter the court exercised its judicial functions "illegally and contrary to the course of procedure applicable to the matter before it" by entering a judgment upon a defective verdict.

 It has been frequently stated by this court that the writ of review is substantially the common-law writ of certiorari. And it is clear from the authorities upon the latter subject which are referred to in some of the decisions above reviewed, that at common law certiorari could not be used as a substitute for an appeal; that its office was "to examine whether jurisdiction existed in the lower court, and whether its proceedings were regular" and that "an error of judgment on the part of the judge or officer, either as to the facts or the law of the case, could not be inquired into and corrected." 2 Spelling on Extraordinary Relief 1545, § 1891. When the legislature provided that "the writ heretofore known as the writ of certiorari is known in this Code as the writ of review", § 11-201,

O. C. L. A., it may be assumed that it had in mind the purpose that was served by the writ of certiorari under the common law. In defining the character of cases in which the writ might be allowed the legislature did not use the conventional language, "errors of law", which presumably it would have used had the construction insisted upon by counsel for the appellants been intended. Instead the legislature, in § 11-204, O. C. L. A., described two classes of cases: (1) Where the inferior tribunal "in the exercise of judicial functions appears to have exercised such functions erroneously", and (2) where such tribunal appears "to have exceeded its or his jurisdiction". If every error of law was intended to be covered by the former classification the second would have been surplusage, since it is certainly an error of law for a court to exceed its jurisdiction. The meaning, therefore, to be attributed to the first phrase is that derived from the common law and announced in *Garnsey v. County Court* and the cases that have followed that decision. And it may be added that this is the law of Oregon according to the editors of Corpus Juris Secundum. 14 C. J. S., Certiorari, 130, § 8. See, also, 10 Am. Jur., Certiorari, 527, § 5.

■ The appellants call attention to § 28-707, O. C. L. A., which reads:

"No provision of this act, in relation to appeals or the right of appeal in either civil or criminal cases, must be construed so as to prevent either party to a judgment given in a justice's court from having the same reviewed in the circuit court for errors in law appearing upon the face of such judgment or the proceedings connected therewith, as provided in chapter 2 of title 11 of the Code of Civil Procedure."

It is appellants' view, apparently, that the words

in this section, "for errors in law", etc., lend support to their contention. The purpose of this statute was to make an exception to § 26-1301, a part of the statute governing appeals in criminal actions, which provides:

"Writs of errors and of certiorari in criminal action are abolished, and hereafter the only mode of reviewing a judgment or order in a criminal action is that prescribed by this chapter."

It is our opinion that the section invoked was not intended to, and does not, add anything to the scope of the writ as delineated in § 11-204. It is the latter section which determines the classes of cases in which the writ may issue, and § 28-707 does no more than preserve the right of recourse to the writ for the review of errors of law "as provided in chapter 2 of title 11 of the Code of Civil Procedure", of which § 11-204 is a part. The only errors, therefore, which can be thus reviewed are those which come within the fair intendment of the latter statute.

■■ We conclude that the petition for writ of review, which alleged only error of law in overruling the demurrer to the answer, did not state facts sufficient to authorize issuance of the writ. Instead of moving to quash the writ, which would have been the proper way to question the sufficiency of the petition (*McCabe-Duprey Tanning Co. v. Eubanks,* supra) the respondents appear to have contested the matter on its merits. The defect, however, was jurisdictional, and the parties could not, by their conduct, confer jurisdiction on the Circuit Court. 14 C. J. S., Certiorari, 332, § 188; *Winn v. Freele,* 19 Ala. 171; *Okerlind v. Fyke,* 90 Ill. App. 192; *Jacobs v. Board of Dental Examiners,* 24 Cal. App. (2d) 359, 75 P. (2d) 96. The Circuit Court, nevertheless, passed upon the demurrer, and by its order

affirmed the judgment of the justice of the peace and directed "that this proceeding be and the same is hereby dismissed and the writ of review issued herein be and the same hereby is discharged."

It was error to affirm the judgment of the justice's court where there was no jurisdiction. But that part of the order which discharged the writ was correct, even though the court, in entering it, proceeded on the erroneous assumption that it had jurisdiction to consider the case on its merits. The order of this court, therefore, will be that the judgment of the Circuit Court is modified and affirmed and the cause remanded for the entry of a new judgment quashing the writ for want of jurisdiction.

———

On petition for rehearing, filed December 2, 1947.

Before LUSK, Acting Chief Justice, and BELT, BAILEY, HAY and WINSLOW, Justices.

PETITION DENIED.

LUSK, Acting Chief Justice.

■ Appellants have filed a petition for rehearing in which they suggest that, under any construction of the scope of the writ of review, they were entitled to invoke that remedy because the justice of the peace, in ruling on the demurrer to defendants' answer, exceeded his jurisdiction.

The answer alleged that appellants were holding the premises in question under a written lease, the stipulated rental in which had been reduced by a regulation of the Office of Price Administration under the provisions of the Emergency Price Control Act of

1942, as amended by the Stabilization Extension Act of 1944 (50 U. S. C. A., §§ 901 to 946, 961 to 971), and that all rent as so reduced had been paid. To this answer respondents filed a general demurrer, which was sustained by the justice of the peace. The point urged is that by this determination the court held the regulation invalid, whereas it had no jurisdiction to consider the validity of the regulation under § 204(d) of the Act. But the record does not disclose that any such question was presented to, or considered by, the justice of the peace. For all we know, he held the Act itself unconstitutional—a ruling which, however erroneous, it would be within his jurisdiction to make. Or, he may have based his ruling upon some one or more of the alleged defects in the answer which were argued by counsel for respondents in this court and which had nothing to do with the validity of the regulation. Counsel for appellants himself says in his original brief that "there is here really no pleading or evidence on the record challenging the regularity of the same" (i. e., of the regulation). That being so, this court cannot assume that the justice of the peace considered that question.

The petition for rehearing is denied.