Argued November 2, affirmed December 13, 1961, petition for rehearing denied January 16, 1962

## BAKER *v.* STEELE ET AL

366 P. 2d 726

*William C. McCarthy,* Portland, argued the cause for appellant. On the briefs were McCarthy & McCarthy, Portland.

*Richard A. Braman,* Deputy City Attorney, Portland, argued the cause for respondents. With him on the brief were Alexander G. Brown, City Attorney,

and Delbert A. Weaver, Deputy City Attorney, Portland.

Before McAllister, Chief Justice, and Rossman, O'Connell, Goodwin and Lusk, Justices.

GOODWIN, J.

This is an appeal from an order which denied relief under a writ of review. The controversy grows out of proceedings before the Civil Service Board of the City of Portland.

In 1951 five city firemen were placed on a promotion list as the result of a competitive examination. John Hetrick placed first; Clarence Baker placed fourth. The position in which both men were interested became vacant July 1, 1952. Hetrick meanwhile had been ordered to temporary active duty in the federal service during the Korean War. Notwithstanding this absence, Hetrick was duly appointed to the vacant position. Neither Baker nor any other eligible fireman challenged Hetrick's appointment. Hetrick's work was done by other firemen during the next few months. Baker was temporarily assigned to the position on February 9, 1953.

It is conceded that there was in force at all material times an ordinance providing substantially as follows:

"Whenever an officer or employe of the City of Portland shall voluntarily or involuntarily enter upon active duty with the Army, Air Force, Navy, or Marine Corps of the United States * * * such officer or employe shall be deemed absent on leave until his release from such active service shall have permitted him to resume the duties of his office or position of employment with the City.

\* \* \* The officer or employe to whom a leave of absence is given as herein provided shall not be deprived of any benefit of his civil service standing, including his right of seniority and accrued sick leave and vacation privileges." Ordinance No. 77780, Administration Code of the City of Portland, Oregon, § 3-1808.

Hetrick returned from leave July 13, 1953, but did not assume the position to which he had been appointed in 1952. Instead Hetrick was appointed to a newly created position with the same rank, classification, and duties. Baker continued to work in Hetrick's former position to which Baker had been temporarily assigned as an interim replacement. In due course Baker's appointment was made permanent. Baker thus worked in the pay grade about five months longer than Hetrick, while Hetrick held the appointment some seven months longer than Baker.

For the next seven years there were enough jobs of equal rank to accommodate both Hetrick and Baker. Each received various lateral transfers and changes in job description and duties, but neither suffered an involuntary reduction in relative rank or pay. Finally, in 1960, one of the positions was abolished. As a result, the junior had to yield to the senior. The sole issue in the board proceeding concerned seniority in grade and class. The civil service board ruled in favor of Hetrick. Baker brought a writ of review. The circuit court declined to overturn the decision of the civil service board, and Baker appeals.

We concur in the view of the circuit court that the civil service board's decision in favor of Hetrick was not subject to reversal on a writ of review. The board had jurisdiction to make the determination, and Baker failed to demonstrate wherein the pro-

ceedings were irregular. *Bechtold et al. v. Wilson et al.,* 182 Or 360, 186 P2d 525, 187 P2d 675.

It would have been proper for the trial court to quash the writ. However, the trial court permitted Baker to put on his case, and then dismissed it.

The writ recited that the civil service board exceeded its jurisdiction in finding that Hetrick's seniority was superior to that of Baker. This recital was a transparent attempt to bring the case within the strict rule that the writ of review may be employed only to examine whether the inferior tribunal acted within its jurisdiction, or proceeded with regularity in performing its function. *Bechtold et al. v. Wilson et al.,* supra.

The city charter admittedly gives the civil service board jurisdiction to decide disputes concerning seniority. Indeed, one can hardly think of a dispute more clearly within the competence of a civil service board.

The only irregularity charged in the writ was that the civil service board failed to construe the applicable law in Baker's favor. An elaborate statement of this supposed irregularity may be found in the writ and in the brief of counsel, but when the writ is reduced to its essential allegations, the only error committed by the civil service board, if it was error, was its failure to agree with Baker's contention that seniority dates from the commencement of actual work instead of from the date of appointment. Baker's contention in essence is that his earlier commencement of work enables him to leapfrog Hetrick's earlier appointment. The effect of Baker's contention, if followed, would penalize Hetrick for being absent on leave on the date of his appointment. Whether such a construction of the applicable law is the correct one we do not decide.

The record reveals that the task of construing the

various statutes[1] and ordinances involved in civil service administration was undertaken conscientiously. Due consideration was given each of the points raised by Baker, and the proceedings were conducted with utmost fairness. If there were an error of law which could have been raised on appeal, there was no such irregularity as may be raised on a writ of review. *Bechtold et al. v. Wilson et al.,* supra. Cf. *City of Portland v. Garner,* 71 Adv Sh 1153, 226 Or 80, 358 P2d 495, where the irregularity was of a character properly to invoke a writ of review. In holding, as we do, that the writ should have been quashed without considering the matter on its merits, we do not assume, and there is nothing in the record to justify the assumption, that the civil service board was in error in any event.

Affirmed.

---

[1] Oregon Laws 1951, ch 351, then provided:

"Sec. 4. Upon the termination of any absence granted by section 1 hereof, every public employe shall be restored to his position, without loss of seniority or other benefits. It is the intention of the Legislative Assembly that such employe shall be restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the Armed Forces until the time of his restoration to such employment * * *."