Argued September 11, affirmed November 7, 1962

# MILLER *v.* SCHRUNK ET AL
### 375 P. 2d 823

*Richard L. Biggs,* Portland, argued the cause for appellant. With him on the briefs were Dusenbery, Martin, Beatty & Parks.

*Richard L. Unis,* Portland, argued the cause for respondents. With him on the brief were Alexander G. Brown and Delbert A. Weaver.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL, LUSK, and DENECKE, Justices.

DENECKE, J. (Pro tempore)

The respondents, members of the Board of Trustees of the Fire and Police Disability and Retirement Fund of Portland, terminated the permanent disability benefits of the appellant policeman. The appellant petitioned for a writ of review to annul such action by the Board of Trustees. The petition was granted and the writ issued. The Board filed a motion to quash on the ground that the Board's action could not be judicially reviewed in that petitioner had failed to exhaust his

administrative remedy. The remedy was a city charter requirement that one aggrieved by a determination by the Board based upon its physicians' findings should request the Board to review its order. The charter provided the review should be based upon the findings of a three-man medical panel. The writ was quashed.

■ A writ of review is statutory. ORS 34.010 et seq. It shall be allowed only if the inferior tribunal (1) exercised its judicial "functions erroneously" or (2) "exceeded its * * * jurisdiction."

■ A motion to quash is the proper method to test the sufficiency of the petition for the writ. *Baker v. Steele, et al,* 229 Or 498, 501, 366 P2d 726 (1962).

First, does the petition allege ultimate facts that the Board exceeded its jurisdiction? The petition alleged:

"When said Board terminated petitioner's disability benefits on the 17th day of March, 1961, as aforesaid, and refused to reconsider such termination upon the petition for rehearing, as aforesaid, petitioner had already been declared permanently disabled by a three-man medical panel selected under the provisions of Section 5-107 of said Charter, as aforesaid, and such action of March 17, 1961 was outside and beyond the jurisdiction of said Board in that:

"(1) Such finding of permanent disability by a three-man medical panel was res judicata and said Board was estopped to make such finding of March 17, 1961;

"(2) Such finding of permanent disability by a three-man medical panel was a finding of fact not subject to review, reversal, or change by said Board."

■ The allegation states as a conclusion of law that the Board acted beyond its jurisdiction. The balance of the allegation, however, shows conclusively

that the petitioner is alleging erroneous rulings of law by a tribunal acting within its jurisdiction. Section 5-107 of the Portland City Charter specifically grants the Board jurisdiction to hear and decide exactly this class of controversy:

> "* * * It shall hear and determine all applications for pensions or benefits as hereinafter provided for; * * *."

Erroneous rulings of law by a tribunal acting on subject matter within its jurisdiction is definitely not action in excess of the tribunal's jurisdiction. *Baker v. Steele et al*, supra; *Bechtold et al v. Wilson et al*, 182 Or 360, 382, 186 P2d 525, 187 P2d 675 (1947).

The allegations of the above-quoted paragraph will not support a writ of review.

■ Petitioner also alleged that the Board exercised its judicial function erroneously in that there was no evidence to support the Board's conclusion that the petitioner was no longer permanently disabled. Oregon precedents are not clear on the proposition that an order of a tribunal not based upon any evidence is an erroneous exercise of the tribunal's judicial function. *City of Portland v. Garner et al*, 226 Or 80, 92, 358 P2d 495 (1961), specifically holds that lack of evidence for the administrative board's order will support the issuance of a writ of review. The majority opinion in *Safeway Stores v. State Bd. Agriculture*, 198 Or 43, 53, 255 P2d 564 (1953), and the dissent at 198 Or 103, support *City of Portland v. Garner*, supra. The *Safeway Stores* case may be distinguished because it was brought under a special statute stating, in essence, that any order of the milk control board could be reviewed upon writ of review. ORS 583.360 (repealed, 1955). The rationale of *Bechtold et al v. Wilson et al*,

supra, is to the contrary, although the identical question of lack of any evidence was not specifically involved.

Assuming arguendo that the lack of evidence to support an order is a proper ground upon which to issue a writ of review the petition here on its face shows that it is otherwise insufficient to permit the issuance of the writ.

As the writ was quashed, the Board's record was not introduced in the proceeding. We do not know whether or not there was evidence to support the Board's ruling. We do know, however, that the Portland City Charter, Section 5-107 provides:

> "* * * The Board shall review any of its determinations based upon the findings of its physicians upon the written request of any applicant; in such cases, it shall refer the matter to three physicians, one of whom shall be selected by the members of the Board, one of whom shall be selected by the applicant, and the third physician shall be selected by the other two physicians; the Board of Trustees shall base its findings upon review on the findings of the majority of the said physicians. * * *"

We believe it can be assumed, in the absence of any allegation to the contrary, that the determination to terminate petitioner's permanent disability benefits was based upon the findings of the Board's physicians. The determination would then be of the kind referred to in the first clause of the quoted provision of the charter. Petitioner does not otherwise contend.

■ The petitioner did not allege that he made any written request that the Board review its determination and refer the matter to three physicians. The petitioner did allege he filed a petition for rehearing from the Board's initial termination of his benefits.

We might have considered that to be a written request for review. However, the petitioner in his brief and at oral argument made it clear that he did not request and did not want another three-man medical review.

■ When any charter or statute sets out a procedure whereby an administrative agency must review its own prior determination, that procedure must be followed. Judicial review is only available after the procedure for relief within the administrative body itself has been followed without success. *Johnston et ux v. State Tax Com.,* 218 Or 110, 342 P2d 799 (1959).

The order to quash is affirmed.