Argued July 1, affirmed July 8, 1964

HICKS *v.* SCHRUNK ET AL

393 P. 2d 771

*Francis Yunker,* Portland, argued the cause for appellant. With him on the brief was George A. Haslett, Jr., Portland.

*Richard L. Unis,* Assistant City Attorney, Portland, argued the cause for respondents. With him on the brief was Alexander G. Brown, City Attorney, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

SLOAN, J.

Defendants, as the Board of Trustees of the Fire and Police Disability and Retirement Fund of Portland, denied plaintiff's application for a widow's pension. Her deceased husband had been a member of the Police Bureau. Plaintiff sought reversal of the Board's order by Writ of Review. The trial court entered judgment affirming the Board's order. Plaintiff appeals.

The record shows that for several years prior to his death Mr. Hicks had been disabled by a heart disease and had received benefits from the fund. Plaintiff's application for a widow's pension was based upon Section 5-117 of the Charter of the City of Portland.

The pertinent part of that section reads:

"BENEFITS TO WIDOWS AND CHILDREN IN SERVICE CONNECTED DEATHS. If any member shall die from any cause while in the line of duty or as the result of an occupational disability of heart trouble, hernia, tuberculosis or pneumonia, and shall leave a widow, said widow shall be entitled to benefits while remaining unmarried and a resident of the State of Oregon. * * *."

Plaintiff claimed that her husband died as "the result of an occupational disability of heart trouble, * * *."

After the defendant Board first denied her application plaintiff made timely application for the administrative review of the Board's determination provided by the Charter. Section 5-107 of the Charter provides that such a review will be made by a panel of three

doctors: One doctor to be selected by the Board, another by the applicant and the two doctors then select the third member. That same section requires the Board to "* * * base its findings upon review upon the findings of the majority of the said physicians." In this instance a majority of the physicians found that Mr. Hicks did not die of heart trouble but that he did die of a cerebral hemorrhage. As required by the Charter the Board accepted the physicians' findings and denied the application.

The facts in the instant case are quite similar to those in *Mundt v. Peterson et al,* 1957, 211 Or 293, 315 P2d 589. There is, however, a significant and determinative difference. In the *Mundt* case the Board did not accept the physicians' findings and made a contrary determination. This court held that the Charter compelled the Board to accept the physicians' findings and set aside the Board's order. That was the holding in the *Mundt* case. We did not decide there, as plaintiff contends, that the court will review the Board's findings. In the instant case the Board did follow the physicians' findings, as required by the Charter and the *Mundt* case.

Accordingly, the order of the Board is not judicially reviewable. There is no question of the Board's jurisdiction nor any valid claim that it acted arbitrarily or in excess of its jurisdiction. The case is governed by *Mundt v. Peterson, et al,* supra, and by *Miller v. Schrunk et al,* 1962, 232 Or 383, 375 P2d 823, and *Baker v. Steele et al,* 1962, 229 Or 498, 366 P2d 726.

The judgment must be affirmed.