Argued October 8, reargued November 30, affirmed
December 15, 1965

## VOLLMER *v.* SCHRUNK ET AL

409 P. 2d 177

*Harvey J. Osborn,* Portland, argued the cause and filed a brief for appellant.

*Richard L. Unis,* Deputy City Attorney, Portland, argued the cause for respondent. With him on the brief were Alexander G. Brown, City Attorney, and Delbert A. Weaver, Deputy City Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

**SLOAN, J.**

Plaintiff, a former Portland policeman, obtained a writ of review seeking to set aside an order of defendants which terminated his service connected disability benefits. Defendants are the Board of Trustees of the Fire and Police Disability and Retirement Fund of the city of Portland. The trial court decided that the action of the Board was not judicially reviewable on the writ and dismissed the action. Plaintiff appeals that decision. The disability benefits to plaintiff were terminated because he had been discharged for acts committed before he became disabled.

■ The writ will be allowed when the action of an inferior tribunal has exceeded its jurisdiction. ORS 34.010 et seq.; *Bechtold et al v. Wilson et al,* 1947, 182 Or 360, 379, 186 P2d 525, 187 P2d 675; *Miller v. Schrunk et al,* 1962, 232 Or 383, 375 P2d 823.

The problem of "jurisdiction" in this case is not related to the express jurisdiction or power of the Board to hear and decide applications for disability benefits or to terminate the benefits upon a finding that the disability has ended. Plaintiff here claims that the Board exceeded the authority granted to it by the city charter when it terminated his benefits because of the discharge and that the Board did, therefore, usurp a power it did not have. There is no claim here that plaintiff had not been disabled or that his disability had not continued. The benefits were stopped only because of the discharge. Plaintiff did not dispute the discharge.

Section 5-115 of the Portland City Charter gives the Board the authority to grant service connected disability benefits and specifies that the benefits shall terminate when the disability ends. Section 5-115

grants the Board no other authority to discontinue them.

The Board, however, relied on a provision of the Charter found within Section 5-113.

The latter section is entitled Benefits of Retirement and specifies the requirements of and qualifications for retirement. A separate paragraph of Section 5-113 provides:

> "* * * Any member coming within the provisions of this *article* having twenty (20) years or more of active service who is discharged shall be entitled to receive his earned portion of the maximum pension upon reaching that age at which he would otherwise have been eligible to receive the maximum pension had he not been so discharged, or he may elect to receive at the time of discharge a refund of all contributions made by him, less the amount of non-service connected disability benefits paid to him from said fund or previously established pension funds."

We have emphasized the word "article." The article mentioned is Article I of Chapter 5 of the Portland City Charter. Article I is that part of the Charter relating to all Disability, Retirement and Death Benefits for the fire and police departments. The use of the word "article" rather than "section" is significant.

■ It appears to us that the use of the word "article" by the framers of the Charter in the quoted paragraph would justify a determination that it was intended that the paragraph was a restriction on the right to all benefits, both retirement and disability, not just to retirement benefits. The Board, in the instant case, did construe the Charter in that way and applied the limitation of benefits specified in the quoted paragraph to plaintiff. The Board ruled that

plaintiff's discharge deprived him of the right to disability benefits for that reason and allowed him to make the specified election.

This, we think, was an authorized exercise of the Board's jurisdiction. It is not for the court to say whether we would agree or not. The Board had the jurisdiction to make the judgment and that is as far as we can examine the merits of plaintiff's claims on a Writ of Review. *Baker v. Steele et al,* 1961, 229 Or 498, 366 P2d 726.

The Board has the authority to construe the Charter and did so within jurisdictional limits. The case must be affirmed.

DENECKE, J., specially concurring.

I do not join in the majority opinion but concur in the result for the reason that I believe that the majority opinion is subject to a construction that would becloud the form of the writ of review as it was shaped by *Bechtold v. Wilson,* 182 Or 360, 186 P2d 525, 187 P2d 675 (1947); *Baker v. Steele,* 229 Or 498, 366 P2d 726 (1962); and *Miller v. Schrunk,* 232 Or 383, 375 P2d 823 (1962).

The statute provides that the writ of review "shall be allowed in all cases where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously, or to have exceeded its or his jurisdiction  *  *  *." ORS 34.040.

As I understand the above cases, they have construed the statute to mean that a writ of review will not lie to review the order of an administrative tribunal unless (1) the tribunal's procedure was irregular or (2) the tribunal exceeded its jurisdiction, as "juris-

diction" is used in its usual legal sense. The writ will not lie to correct erroneous rulings of law; *Baker v. Steele*, supra (229 Or at 502).

The Board admittedly had jurisdiction of the subject of disability benefits and had jurisdiction over the person of the plaintiff. No claim of irregular procedure was made. I would, therefore, hold that a writ of review would not lie. I do not believe that it is necessary to decide whether the Board's interpretation of the charter is reasonable. In my opinion an unreasonable interpretation would only be "an error of law" and not reviewable upon a writ of review.

The legislature apparently acquiesced in our interpretation of the two grounds stated by the statute because they amended the statute in 1965 leaving the wording of these two grounds intact but added a third ground,—the writ will lie if the tribunal acted *"arbitrarily."* Oregon Laws 1965, ch 292, p 632.

The remedy by writ of review is statutory and is limited to correcting the particular classes of errors of inferior tribunals which the statute specifies. It may very well be that the scope of review should be widened by amending the writ-of-review statute or by providing for appeal from these administrative tribunals from which there is now no judicial review except by writ of review.[1] I believe, however, this should be a legislative decision because the words used in the writ-of-review statute have a long-standing meaning which, in my opinion, has been correctly followed by the above-cited decisions.

Lusk and Goodwin, JJ., concur in this specially concurring opinion.

---

[1] I do not intend to express any views on the availability of declaratory judgment procedures for judicial review.