Submitted June 4, reversed and remanded July 16, 1973

# WILLIAMS, *Appellant, v.* SCHRUNK ET AL
## (No. 379-292), *Respondents.*

511 P2d 1252

Edward Brekke, Milwaukie, for appellant.

Ellis E. Gerdes, Senior Deputy City Attorney, Portland, for respondents.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Plaintiff appeals from a final judgment order entered in favor of defendants after the trial court sustained a demurrer to plaintiff's second amended complaint.

Plaintiff is a former Portland city policeman. Defendants are the mayor and other administrative officers of the city, named in their capacities as officers and trustees of the Portland Fire and Police Disability and Retirement Fund, and the City of Portland.

The complaint alleged that plaintiff became a member of the police force on August 5, 1965, that he had made compulsory contributions of $2,300.07 to the

fund while he was a member of the police department, that he had resigned from the force October 16, 1969 and thereafter demanded that defendants refund the compulsory contributions he had made and that defendants had refused to do so. The fourth paragraph of the second amended complaint alleged the retirement fund exists under provisions of "Article 2" of the city charter adopted in 1918 "* * * under authority of the Oregon Revised Statutes 238.510 to 238.570 * * *" (which were not enacted until 1945, Oregon Laws 1945, ch 172) and that the "Charter" was amended by the electors of the city effective July 1, 1949. This was apparently intended to imply that Article 2 of the charter was thus amended. Plaintiff further alleged:

"XI

"That defendants set out a requirement of five (5) years of active service in the Bureau of Police for the City of Portland, before an employee is entitled to a refund of any contributions paid in by plaintiff to said fund; that said requirement is capricious, discriminatory, unreasonable, ambiguous and unconstitutional, and not binding upon this plaintiff, and further this requirement is contrary to the spirit and legislative intent as set out in the provisions of Oregon Revised Statutes, Chapters 237 and 238.

"XII

"In denying the request of plaintiff, and withholding the funds of plaintiff, defendants have offended the due process clause of the 14th Amendment to the Constitution of the United States, by taking funds of plaintiff without just compensation, and further it offends the basic notion and principles of fair play and justice."

and prayed for a judgment of $2,300.07. No citation to the Portland city charter other than that already men-

tioned is made in pleading; however, The Charter of the City of Portland, Oregon on file in the Supreme Court Library provides in

"**Section 5-113. Retirement, Resignation, and Discharge**

"* * * * *

"Any member who shall resign after five (5) years of active service shall receive at that time a refund of all his contributions made as a regular member during his entire service in his Bureau, less the amount of non-service connected disability benefits paid to him from the Fund or previously established pension funds.

"* * * * *

"Contributions made by a member while he was a temporary employe shall not be included in computing contributions made by him for refunds. Any member who shall resign or be discharged before completing five (5) years of active service shall not be entitled to refunds of any contributions paid * * *."

Defendants' demurrer was on two grounds: (1) That plaintiff had failed to state a cause of action, ORS 16.260 (6), and (2) that the trial court was without jurisdiction, ORS 16.260 (1).

The only section of the complaint that alleged any wrongful conduct on the part of defendants states:

"* * * [D]efendants have offended the due process clause of the 14th Amendment to the Constitution of the United States, by taking funds of plaintiff without just compensation * * *."

Does this allegation together with the other factual allegations recited above sufficiently state a cause of action? The allegations are not artfully drawn and they are hard, perhaps impossible, to understand.

However, the fact that they may be subject to a motion to make more definite and certain is not ground for sustaining a demurrer. *Mills v. Feiock,* 229 Or 618, 625, 368 P2d 327 (1962) ; *Murray v. Lamb,* 174 Or 239, 248, 148 P2d 797 (1944). A complaint under attack by demurrer is to be construed against the pleader who is presumed to have stated his case as strongly as the facts justify. *Windle, Adm'x et al. v. Flinn et al.,* 196 Or 654, 663, 251 P2d 136 (1952). Pleadings should not be held defective merely because they do not artfully express the cause of action. *Perkins v. Standard Oil Co.,* 235 Or 7, 19, 383 P2d 107, 383 P2d 1002 (1963) ; *Parker v. Faust,* 222 Or 526, 353 P2d 550 (1960). Conclusions of law are not admitted for purposes of testing the sufficiency of a complaint when tested by demurrer and as such raise no legal issues. *Almada v. Vandecar,* 94 Or 515, 185 P 907 (1919). A complaint may fail to state a cause of action because it omits a necessary allegation even though such a defect could be corrected by additional allegations. *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 216, 493 P2d 138 (1972).

■ Here plaintiff's allegation that the five years of service requirement for refunds is unconstitutional is a conclusion of law. Because we are required to take judicial notice of the provisions of the Portland city charter, ORS 221.710, as well as the U.S. Constitution, ORS 41.410 (3), the plaintiff need not include these provisions within his complaint. "* * * Laws of which the court takes judicial notice need not be pleaded * * *." *Fulton Ins. v. White Motor Corp.,* 261 Or at 222-23, n 4.

■ A difficulty is that plaintiff's allegations do not tell us upon what part of the charter he relies, or

they misdirect us in the same regard. Further, he alleges that the defendants collectively have "set out" requirements which are unconstitutional resulting in an unconstitutional taking of plaintiff's property. Only the one defendant, City of Portland, may be said, by having adopted § 5-113 of its charter, to have "set out" such a provision. This is the third complaint plaintiff has filed in the case and conjecture yet attaches to what he is trying to say. When the appeal first came to our attention we noted what neither counsel had— that the appeal was from a nonappealable order sustaining the demurrer—and we refused to proceed until we were provided with a trial court order from which an appeal could be taken. Having obtained and filed with us such an order, plaintiff has now chosen to stand on pleadings, which, at best, marginally express a cause of action. Nevertheless, we do find in the complaint allegations that defendant City of Portland is enforcing against plaintiff a charter provision which defendant claims unconstitutionally deprives him of due process of law in that it takes his property without just compensation. Thus, it is sufficient to survive a general demurrer made by all of the defendants.

■ ■ The demurrer was also based and sustained upon the ground that the court lacked subject matter jurisdiction. Section 5-108 of the Portland charter provides:

> "Any review by the courts from any decision of the Board of Trustees must be taken within sixty (60) days after said decision has been made * * * ."

The appeal from the board to the court was taken well after 60 days had elapsed. Plaintiff has alleged a

"taking" without due process or just compensation. The remedy in such an action is independent of the time limit prescribed by the above section, which is limited by its terms to decisions of the board.

■ ■ Defendant contends that this complaint should be considered as a petition for a writ of review (ORS 34.010-34.100). Here the claim of lack of subject matter jurisdiction argument has some merit since this statute also sets a 60-day time limit. However, a writ of review is not the proper procedure for seeking relief from an asserted erroneous decision by the board of a legal question such as the constitutionality of the charter provisions, because even if plaintiff had raised the constitutional argument before the board the merits of the board's decision on that legal issue could not be challenged in a writ of review proceeding. *Baker v. Steele et al,* 229 Or 498, 366 P2d 726 (1961); *Bechtold et al. v. Wilson et al.,* 182 Or 360, 186 P2d 525, 187 P2d 675 (1947). *See Vollmer v. Schrunk,* 242 Or 196, 409 P2d 177 (1965) (DENECKE, J., specially concurring at 199).

The complaint states a cause of action though it may still be subject to motions to strike or make more definite and certain. The trial court has subject matter jurisdiction.

**Reversed and remanded.**