Argued May 24, affirmed July 16, petition for rehearing denied
August 23, petition for review denied November 13, 1973

JUENEMANN, *Appellant, v.* RICHARDS ET AL,
*Respondents.*

512 P2d 806

*George M. Joseph,* Portland, argued the cause for appellant. With him on the briefs were Bemis, Breathouwer & Joseph, James A. Luebke and Ail & Luebke, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent Fair Dismissal Appeals Board. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Martin B. Vidgoff,* Portland, argued the cause for respondent Multnomah County School District No. 1.

With him on the brief were Miller, Anderson, Nash, Yerke & Wiener and Mark C. McClanahan, Portland.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

**FORT, J.**

This case raises the identical question decided this day in *School Dist. No. 48 v. Fair Dis. App. Bd.* (Court of Appeals No. 2212), 14 Or App 35, 512 P2d 799 (1973), except that here petitioner's discharge by Multnomah County School District No. 1 was upheld by the Fair Dismissal Appeals Board. The petitioner here seeks review of the matter under ORS 34.010 to 34.100.

For the reasons set forth in *School Dist. No. 48 v. Fair Dis. App. Bd.*, supra, we conclude the circuit court correctly allowed the motion to quash and dismissed the petition. Accordingly, we do not reach the remaining assignment of error.[1]

Affirmed.

**THORNTON, J., dissenting.**

For the reasons set forth in my dissenting opinion

---

[1] We point out, however, that many of the asserted errors set forth in the petition for writ of review challenge the findings and conclusions of the Fair Dismissal Appeals Board on the facts as lacking adequate support in the evidence. Others challenge the validity of rulings relating to admissibility of evidence. It is not normally the function of the writ of review to examine the sufficiency or admissibility of the evidence before the lower tribunal, but rather to correct arbitrariness or errors in jurisdiction and procedure. ORS 34.040; Vollmer v. Schrunk, 242 Or 196, 409 P2d 177 (1965) (specially concurring opinion by Denecke, J.); Bechtold v. Wilson, 182 Or 360, 186 P2d 525, 187 P2d 675 (1947); Miller v. Schrunk, 232 Or 383, 375 P2d 823 (1962).

in *School Dist. No. 48 v. Fair Dis. App. Bd.*, 14 Or App 35, 512 P2d 799 (1973), I respectfully dissent in this case also.