JOSEPH, J.
In this personal injury action plaintiff appeals from a judgment entered after a demurrer to his second amended complaint was allowed. The original complaint alleged that the minor plaintiff was riding in a vehicle on a road on land owned and maintained by the defendant Port at Kelly Point in Multnomah County when he struck a wire stretched across the road and was injured. It also alleged that defendant was "negligent, careless and reckless” in several particulars. The trial court sustained a demurrer. Plaintiff then filed a two-count amended complaint in which the first count realleged the matters pleaded in the original complaint, and the second count alleged a reckless failure to guard or warn against a dangerous condition on the premises.
Defendant moved to strike count one of the amended complaint. The motion was allowed, and plaintiff filed a second amended complaint in one count alleging that the defendant was "reckless” in the particular ways alleged in the original complaint to have constituted negligence. Defendant again demurred, and the demurrer was sustained. The plaintiff declined to plead futher, and judgment was entered in favor of defendant.
Plaintiffs first assignment of error is that the trial court erred in sustaining the demurrer to the second amended complaint. On our view of the case we need not reach that assignment, because the second assignment of error is dispositive. Defendant demurred to the original complaint on the basis that ORS 105.655 to 105.680, and in particular ORS 105.665(1),[1] barred plaintiffs action. The trial court sustained that *[820] demurrer, and the subsequent pleadings, motion and demurrer described above were consequences.
Plaintiff, believing that his filing of the successive amended complaints had the effect of eliminating from the case the original complaint successfully demurred to (see Olson v. Chuck, 199 Or 90, 259 P2d 128 (1953)), nonetheless suggested in his brief that it would be "appropriate” for this court to review the ruling on that demurrer. Defendant straightforwardly acknowledges "that the earlier rulings of the trial court are reviewable by this court, even though plaintiff elected to plead over.” That that is the proper interpretation of ORS 19.140 (as well as ORS 16.330 and 16.400) was settled in Moore v. West Lawn Mem'l Park, 266 Or 244, 512 P2d 1344 (1973).
Plaintiff asserts that ORS 105.655 to 105.680 was not a proper basis for the demurrer to the original complaint for two reasons: (1) Because the nature of the land did not appear on the face of the complaint, the burden was on the defendant to allege and prove that the land involved was within the coverage of the statute under the definition of "land” in ORS 105.655(2);[2] and (2) the statute was not intended to apply to public land. Defendant concedes the first point on the authority of Tijerina v. Cornelius Christian Ch., 273 Or 58, 539 P2d 634 (1975), but asserts that the second point has already been determined against the plaintiff in Denton v. L. W. Vail Co., 23 Or App 28, 541 P2d 511 (1975). In that case we applied the statute to federal land without analysis and contrary to the implication in Loney v. McPhillips, 268 Or 378, 385, 521 P2d 340 (1974), that it applies only to private lands.
*[821] Whether Denton was correct in its interpretation of the statute that the statute was intended to apply to public lands is irrelevant to our review of the demurrer here. The only part of the complaint that described the land was paragraph II:
"That as part of the business of defendant Port of Portland, it owns and maintains a certain parcel of land in Multnomah County bordered on the westerly side by the Willamette River, on the southerly side by the Columbia Slough, and on the northerly side by the Columbia River, commonly referred to as the Kelly Point Area.”
A comparison of the definition of "land” in ORS 105.655(2) and the quoted allegations of the complaint shows that there was nothing pleaded that would have permitted the court on a demurrer to reach the question of the scope of coverage of the statute. While a complaint is construed against the pleader on demurrer (Williams v. Schrunk, 14 Or App 61, 511 P2d 1252 (1973)), the quoted allegation would not permit the inference that the "certain parcel of land in Multnomah County” owned by the Port was agricultural, range or forest land or land contiguous to the ocean shore.[3] Therefore, the demurrer to the original complaint based on the statute should not have been sustained.
 Defendant asserts that the demurrer was properly sustained because the plaintiff did not allege that he was an invitee on defendant’s land for either social or business purposes and he was therefore entitled only to protection of the duty of care owed a trespasser. The complaint’s allegations of negligence[4] were sufficient *[822] for an implication of violation of a duty of ordinary care to plaintiff. Klerk v. Tektronix, Inc., 244 Or 10, 415 P2d 510 (1966). That is all plaintiff was required to plead. He did not have to allege the reasons for or the limitations on his being on defendant’s land. The non-existence of the duty of ordinary care is a matter of defense to be raised appropriately by the defendant. The ground for the demurrer raised by defendant’s argument on this point was not presented to the trial court, but even if it had been, the demurrer could not have been properly sustained.
The other questions presented on appeal may or may not be reached in the course of further proceedings. No useful purpose would be served by discussing them at this time. The judgment msut be reversed and remanded to the trial court with instructions to enter an order overruling the demurrer to the original complaint and reinstating that complaint.
Reversed and remanded with instructions.

ORS 105.665(1):
"Except as otherwise provided in ORS 105.675:
"(1) An owner of land owes no duty of care to keep the land safe for entry or use by others for any recreational purpose or to give any warning of a dangerous condition, use structure or activity on the land to persons entering thereon for any such purpose.”

 ORS 105.655(2):
" 'Land’ means agricultural land, range land, forest land, and lands adjacent or contiguous to the ocean shore as defined by ORS 390.605, including roads, bodies of water, watercourses, private ways, private buildings and structures on such lands and machinery or equipment on the land when attached to the realty, but shall not include lands described in ORS 390.605 to 390.770.”

 No motion to make more definite and certain was made.

From complaint, section VI:
"That at the time and place of said occurrence, the defendant, through its officers, agents and employees, was negligent, careless and reckless in one or more of the following particulars:
"1. In failing to guard or adequately warn of a dangerous condition on the premises, namely the wire stretched across the road at a distance 16 inches above the ground;
*[822] "2. In placing said wire across the road when they knew or should have known that members of the public would be riding in open and unprotected vehicles, such as bicycles, motorcycles and dune buggies on the road;
"3. In failing to construct a gate made of material with sufficient thickness to be seen by members of the public including this plaintiff, while using the road;
"4. In failing to properly inspect the premises before stretching the unmarked wire across the road to determine that members of the public used the road.”