[Argued December 30, 1896; decided March 16, 1897.]

## WEAVER *v.* SOUTHERN OREGON COMPANY.

(48 Pac. 167.)

1. LANDLORD AND TENANT.—The relation of landlord and tenant arises where one, by consent of the landlord, goes into possession of leased land as the successor in interest of the tenant, and while thus occupying the land pays rent at the rate stipulated in the lease, and continues to so occupy the premises after the expiration of the term, all with the consent of the landlord.

2. ACCEPTANCE OF DEED.—A deed poll, when accepted by the grantee, becomes the mutual act of the parties, and its terms may be enforced.

From Coos: J. C. FULLERTON, Judge.

This action was commenced in October, 1894, to recover for the use and occupation by the defendant of certain premises belonging to the plaintiff. The complaint contains two causes of action, in the first of which it is, in substance, alleged that on the twenty-fourth day of July, 1882, by a certain agreement or lease in writing, a copy of which is annexed to and made part of the complaint, the plaintiff demised to one H. H. Luse a right of way for a logging tramway or railroal over certain premises belonging to him for the term of ten years at an annual rental of $125, payable at the end of each year; that on or about the fourteenth day of December, 1887, all the rights of Luse under the lease became vested in the defendant, as his

successor in interest, and it then and there, with the consent of plaintiff, "entered into possession of said demised premises, and, with consent of plaintiff, continued in possession of said premises during the full period of said lease; and, since the expiration of the ten years' term described and provided for in said lease, defendant, with consent of plaintiff, has continued in the possession of said premises, and, with consent of plaintiff, still continues in possession thereof, and still continues to use and occupy the same for its logging railroad, and for its logging purposes; and during said time that defendant was so possessed of said demised premises it continued to pay said yearly rental of $125 per year up to the thirty-first day of December, 1892; that since said thirty-first day of December, 1892, defendant refuses to pay any rent for the use of said premises, and there is now due and owing plaintiff from defendant on said agreement of lease, and for the use and occupation of said premises for said right of way, the sum of $125 for the year's rent commencing January 1, 1893, and ending December 31, 1893, and interest on said sum of $125 at the rate of 8 per cent. per annum since said thirty-first day of December, 1893, and defendant has not paid the same nor any part thereof."

As a further and separate cause of action, it is alleged, in substance, that on July 12, 1890, the plaintiff sold and by deed conveyed to the defendant all the timber, except red cedar, standing, lying, or being on certain described real property belonging to him, together with the right and privilege of entering upon said real property and making such roads and ways

thereon as it might deem suitable and convenient for the removal of such timber, at any time within three years; and stipulated therein that in case the defendant should fail to complete the removal thereof within the time specified, it should have such additional time as it might desire in which to do so by paying at the rate of $100 per year therefor; that defendant accepted said deed, and agreed to comply with its stipulations and conditions, but failed to remove the timber within the time specified, and has since "exercised and enjoyed the granted rights and privileges of entering said land for the purpose of removing its said timber, and is now engaged in removing said timber from said land; that there is now due and owing plaintiff from defendant under the terms and conditions contained in said deed upon which the grant of said timber was made, and under said agreement, and for the use and occupation of said land, and for the exercise and enjoyment of said granted rights and privileges mentioned in the conditions contained in said deed, the sum of $100 for the year commencing July 13, 1893, and ending July 12, 1894, and interest thereon at the rate of 8 per cent. per annum since said twelfth day of July, 1894." The complaint then concludes with a prayer for judgment. The defendant demurred to each separate cause of action on the ground that it did not contain facts sufficient to constitute a cause of action, which being overruled, it refused to answer or plead further, and judgment was entered against it for the amount prayed for in the complaint, from which this appeal is taken.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. W. Hamilton.*

For respondent there was a brief and an oral argument by *Mr. A. J. Sherwood.*

Mr. Justice BEAN, after stating the facts, delivered the opinion of the court.

1.   The contention for the defendant seems to be that the statement of the first cause of action is insufficient because it does not show a liability on the part of the defendant under the terms and conditions of the lease from the plaintiff to Luse.   But we do not understand this to be an action on the lease, but for use and occupation of the premises by the defendant, with plaintiff's consent, after the expiration of such lease, and that the allegations concerning the lease to Luse were intended as a mere matter of inducement for the purpose of showing the circumstances under which defendant came into possession of the premises.   The complaint, no doubt, contains much unnecessary matter, but it is averred, substantially, that defendant entered into possession and occupied the premises by consent of the plaintiff, as the successor in interest of Luse, and while so occupying paid the rent therefor at the rate stipulated in the lease during the term, and that after the expiration of the term it continued to so occupy and use the premises as a tenant by and with the consent of plaintiff. These facts, if true, establish the relation of landlord and tenant between the plaintiff and defendant, so as

31 Or.—2.

to entitle the plaintiff to recover for the use and occupation of the premises, and the lease in question is admissible to fix the amount of rent: 1 Taylor on Landlord and Tenant, §§ 19 and 22; Wood on Landlord and Tenant, § 552.

2. The objection to the statement of the second cause of action is that it appears therefrom that the deed containing the stipulations upon which the action is founded was not signed by the defendant. But the rule is well settled that a deed-poll, when accepted by the grantee, becomes the mutual act of the parties; and a stipulation therein to be performed by the grantee becomes, by force of such acceptance, a valid contract on his part upon which an action may be maintained: 1 Taylor's Landlord and Tenant, § 147; *Goodwin* v. *Gilbert*, 9 Mass. 510; *Newell* v. *Hill*, 2 Met. (Mass.) 180. It is clear, therefore, that an action lies for the rent reserved in the deed from the plaintiff to the defendant, although not signed by the latter.

It follows that the judgment of the court below must be affirmed, and it is so ordered.

AFFIRMED.