## WESTERN ALLIANCE INSURANCE COMPANY, Appellant,

### v.

### Orval Ray COX, Appellee.

### No. 4384.

Court of Civil Appeals of Texas.

Waco.

Sept. 23, 1965.

Rehearing Denied Oct. 14, 1965.

William G. Washington, Ulmer W. Spinney, Austin, for appellant.

Naman, Howell, Smith & Chase, Waco, Bradley & Geren, Carl Cannon, Groesbeck, for appellee.

TIREY, Justice.

Orval Ray Cox brought this action against Western Alliance Insurance Company to satisfy a judgment rendered against him in the 77th District Court of Limestone County, Texas, and also to pay the attorneys' fees and costs incurred by him in the defense of said suit. The prior law suit arose out of an automobile accident which occurred on February 15, 1963, between a 1957 Chevrolet owned by Bobby Baldree, an insured of the Western Alliance Company, such car being driven at the time of the accident by Orval Ray Cox, and a car driven by Dr. H. R. Martin of Mexia. Just prior to the accident Baldree, the insured, had just gotten out of the car at his place of employment and gave permission to Orval Ray Cox to take the wheel and drive the automobile back to the Red Cox Texaco Service Station in Mexia to be serviced, which station was owned and operated by the father of Orval Ray Cox. Orval Ray Cox, a single man, had driven the Baldree car a short distance when it collided with the car owned by Dr. Martin, and Dr. Martin brought the prior suit against Orval Ray Cox to recover his damages. When Cox was served with citation he sent the original petition and citation to the appellant insurance carrier and it declined to defend the suit and so notified Cox, and thereafter Cox employed private counsel to represent him and the cause went to trial and the judgment was rendered against Cox for the sum of $2086.00. In the case at bar, after a jury trial, judg-

ment was rendered for Cox in the amount of $500.00 for attorneys' fees and for intervenor, H. R. Martin, in the sum of $2086.00. The insurance carrier perfected its appeal to this court. We affirm the judgment of the lower court.

The judgment is assailed on four points. They are to the effect that the court erred in overruling defendant's motion for instructed verdict; and in failing to grant defendant's motion for judgment non obstante veredicto; and in entering judgment based upon the answer of the jury to special issue No. 4, inquiring as to whether plaintiff was using the 1957 Chevrolet in the automobile business; and also in entering judgment based upon the answers of the jury to special issues numbers 2 and 3, inquiring as to whether the plaintiff was driving the automobile as an agent of Bobby Baldree or as an agent of the Red Cox Texaco Service Station. We overrule each of the foregoing points for reasons hereinafter briefly noted.

This action involves the construction and application of the following exclusion under the collision coverage of Texas Standard Family Automobile Policy written by appellant. The pertinent exclusion in the policy is exclusion (g), which provides that the policy does not apply: "to an owned automobile while used in the automobile business, but this exclusion does not apply to the named insured, * * * or any partner, agent or employee of the named insured * * *." Under the terms of the policy automobile business is defined as "the business or occupation of selling, repairing, servicing, storing or parking automobiles." The first question that presents itself is whether exclusion (g) in the policy has any application under the facts which we believe are without dispute. Our views under the definition and exclusion clause are that the automobile at the time of the accident was not being used in the automobile business under the terms of the definition and the terms of the policy, and hence the exclusion does not apply.

Baldree, the insured, had driven his car to the Red Cox Texaco Service Station for the purpose of having it serviced, he desiring to be driven to the place where he was working and the car brought back to the station. Orval Ray Cox, son of the operator of the station, was at home on a visit, and at the request of the insured he got in the car with the insured and rode to the factory, and when they got to the factory the insured got out of the car and turned it over to appellee to be brought back to the station so it could be serviced. Appellee had driven the car just a short distance when the accident occurred. It is our view that under the definition in the policy that the automobile of Baldree was not being used in the business of the service station at the time of the accident, but that it was being used solely for the accommodation of the insured in order to get him from the station to the place where he was at work, and it was to be returned by the appellee for the insured's convenience so it could be serviced at the station. Since we are of the view that under the undisputed factual situation the automobile was not being used in the automobile business at the time of the collision, no other question arises, and the coverage is within the terms of the policy carried by the insured. If we could reach the question as to whether or not the appellee was the agent of Baldree at the time of the accident we would hold that he was the agent of the insured and was driving the car with the permission and at the instance of the insured. That leads us to say that we are of the view that the insurance carrier's position is without merit. Assuming, but not deciding, that A. O. Cox was engaged in the automobile business as that term is defined in the policy, the insured's car was not being used in his business. Certainly Orval Ray Cox was not engaged in the automobile business as the owner or as an employee. Appellee was doing no more than driving the car as a favor for the owner, and since the owner is not in the automobile business, the owner was not using the car in the automobile business.

The factual situation here is much different to the factual situation in the case of Commercial Standard Insurance Company v. Sanders, 326 S.W.2d 298 (Tex. Civ.App.1959). We have been cited to a number of out of state cases in which a similar exclusion has been held to apply under facts that are similar to the case at bar. We think McCree v. Jenning, 55 Wash.2d 725, 349 P.2d 1071 (1960), and the case of Case v. Fidelity & Casualty Company of New York, 105 N.H. 422, 201 A.2d 897 (1964), also Cherot v. United States Fidelity and Guaranty Company, 264 F.2d 767 (10th Cir., 1959), also Chavers v. St. Paul Fire & Marine Ins. Co., 188 F. Supp. 39 (D.C.N.D. Ohio, 1960), support our view of the interpretation that we have given to the exclusion clause. See also Hammer v. Malkerson Motors, Inc., 269 Minn. 563, 132 N.W.2d 174, and Walker v. State Farm Mutual Auto. Ins. Co., 40 Ill.App.2d 463, 190 N.E.2d 121, and Allstate Ins. Co. v. Skawinski, 40 Ill.App.2d 136, 189 N.E.2d 365.

Each of appellant's contentions is overruled and this cause is affirmed.