**TINDALL PONTIAC, INC., Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 14729.

Court of Civil Appeals of Texas.

San Antonio.

May 14, 1969.

Rehearing Denied June 11, 1969.

Groce, Hebdon, Fahey & Smith, Charles R. Shaddox, San Antonio, for appellant.

Beckmann, Standard, Wood & Keene, Richard C. Keene, San Antonio, for appellee.

On Motion for Rehearing.

BARROW, Chief Justice.

Our opinion of April 2, 1969, is withdrawn and the following substituted therefor.

The question presented by this appeal is whether a Texas standard family automobile policy extends liability coverage, under the omnibus clause, to the employee of a garage who is involved in a collision while servicing said insured vehicle. The trial court held that coverage was excluded under the terms of said policy and entered a take-nothing judgment in appellant's suit for reimbursement of the sum of $550.00 paid to the third party in settlement of his claim for damages, together with adjustment expenses of $75.00.

All facts were stipulated. On January 27, 1965, Walter Viner had a liability insurance policy on his 1965 Pontiac which was issued by appellee, Liberty Mutual Insurance Company. On this date Viner delivered the car to appellant, Tindall Pontiac, Inc., to be serviced. It was stipulated that Tindall's employees had Viner's implied permission to operate said car as an incident to the servicing of same. While the car was being driven by Tindall's employee, Salvador G. Sanchez, from Tindall's service department located at 1916 San Pedro Avenue to its new car make-ready department at 4600 San Pedro Avenue, Sanchez was involved in a collision with an automobile owned by Robert Ullevig. After Liberty Mutual refused to settle Ullevig's claim or to defend Sanchez or Tindall, the latter entered into a settlement with Ullevig for the sum of $555.00 which was stipulated to be a reasonable sum.

The provisions of appellee's policy are the same as those recently considered by the Supreme Court in State Farm Mutual Automobile Ins. Co. v. Pan American Insurance Co., Tex., 437 S.W.2d 542, opinion of February 12, 1969. In that case the Supreme Court held that a company engaged in the butane gas business was not an additional insured under the omnibus clause of a liability policy issued to the owner of a pick-up which was being refueled by an employee of the gas company when a fire occurred. The Court held that since the accident occurred as an act of "maintenance" of the insured vehicle, coverage was not provided under the omnibus clause. The Court therefore did not consider the effect of the automobile business exclusion under the omnibus clause.

■ Even if we assume that Sanchez was not operating Viner's automobile at the time of the accident as an act of maintenance of said insured vehicle, coverage under the omnibus clause of Liberty Mutual's liability policy was excluded under the clear and unambiguous terms of said policy. Exclusion (g) of said policy excludes liability coverage "to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the named insured, * * *." Here Tindall was in the automobile business and the accident occurred while its employee, Sanchez, was directly engaged in performing an act relating to said business.

Under the standard automobile policy, a limitation is applied to the coverage of the omnibus policy so as not to extend coverage over to a service station, public garage, sales agency, repair shop, or public parking place, even though such establishment has rightful custody of the vehicle during its operation, maintenance, or use by an employee thereof. 7 Appleman, Insurance Law and Practice, § 4372; Couch on Insurance 2d, § 45:980 et seq.; 47 A.L.R.2d 556, Annotation: Automobile Insurance—Omnibus Clause exception relating to public garages. The reason for such exclusion is that without any control from the owner as to the selection of the driver, the place driven, and the manner of driving, the hazard is too great for an insurer to assume. On the other hand, the service station or repair shop can control and regulate such use.

There are two general forms or types of automobile business exclusions. One form excludes an automobile "while used in the automobile business." This type exclusion applies when the insured *automobile* is used in the business of selling, repairing, servicing, storing or parking of automobiles. See Truck Insurance Exchange v. State Farm Mutual Auto Ins. Co., 182 Neb. 330, 154 N.W.2d 524 (1967), and the authorities cited therein. The second type exclusion applies to an insured automobile while used by a person (other than named insured, etc.) while such *person* is employed or otherwise engaged in one of these excluded businesses. See Northern Assurance Co. v. Truck Insurance Exchange, 439 P.2d 760 (Mont. 1968). The

**950**

distinction between these two forms has particular significance in cases involving the delivery of the insured vehicle by a garage employee pursuant to the performance of said repair work.

 It is significant that although the Texas standard policy was formerly couched in the language of the first type exclusion and excluded an automobile "while used in the excluded business," the policy form was changed subsequent to the court's holding in Western Alliance Ins. Co. v. Cox, 394 S.W.2d 238 (Tex.Civ.App. —Waco 1965, writ ref'd n. r. e.). Such exclusion is clear and unambiguous and the terms of same should be given their ordinary meaning. Southern Life & Health Ins. Co. v. Simon, 416 S.W.2d 793 (Tex. Sup.1967).

We have found no case in which coverage was afforded a garage shop owner or his employee under the factual situation presented in our case and this type exclusion. Appellant has cited Dumas v. Hartford Accident & Indemnity Co., 181 So.2d 841, Louisiana Court of Appeals (1965), where the Court considered an exclusion similar to that involved in our case. However, the accident occurred after all repairs had been completed and while the insured automobile was being returned to insured. The Court said: "We think it abundantly clear under the facts of the instant case that the exclusionary clause of the policy would have applied to Waldrop only while he was actually engaged in servicing the Brady (insured) automobile. Inasmuch as Waldrop had completed his work of servicing the car and was driving the vehicle after the completion of his work, the exclusion failed to apply."

 Here the accident occurred while Tindall was engaged in servicing Viner's car and even under the holding in Dumas v. Hartford, supra, the exclusion would bar coverage to Tindall and its employee. See also Northern Assurance Co. v. Truck Ins. Exchange, 439 P.2d 760 (Mont.1968).

 Appellant asserts that in any event such an exclusion is against public policy because its terms purport to exclude a large undifferentiated class of individuals, solely because of the general employment status, thereby contravening the purposes of omnibus coverage. We have heretofore pointed out that similar exclusions are in all standard liability insurance policies and are based upon sound underwriting practice. It is not against public policy.

The trial court did not err in granting judgment for Liberty Mutual Insurance Company under the stipulated facts. The judgment is affirmed. The motion for rehearing is overruled.