Argued March 3, affirmed August 5, 1970

# ELDRIDGE, *Appellant, v.*
# ALLSTATE INSURANCE COMPANY,
### *Respondent.*
#### 473 P2d 132

*Asa L. Lewelling,* Salem, argued the cause for appellant. With him on the brief was Charles A. Burt, Salem.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were McColloch, Dezendorf, Spears & Lubersky and Wayne Hilliard, Portland.

Before PERRY,* Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE, HOLMAN and TONGUE, Justices.

DENECKE, J.

The plaintiff was injured in an automobile collision. She obtained a judgment against the other driver and brought this action against the defendant Allstate, alleging that it had liability insurance coverage on the other driver. The trial court, sitting without a jury, found the defendant had no coverage and entered judgment against plaintiff, who appeals.

Allstate insured Capital City Transfer. Proctor was employed by Capital City as a driver. On the day

---

* Perry, C.J., retired June 1, 1970.

of the collision, Capital City called Proctor and directed him to pick up a truck belonging to Capital City at International Harvester's shop, where the truck had been taken for repairs. At the shop a mechanic employee of International asked Proctor to drive him down the road so that the mechanic could determine whether the truck transmission had been satisfactorily repaired. Proctor did so with the mechanic accompanying him as a passenger. The mechanic was satisfied and Proctor turned around and was on his way back to International's shop when the collision occurred.

Plaintiff brought a personal injury action naming everyone involved as defendants. Capital City's motion for a directed verdict was granted and the jury returned a verdict against Proctor, International and the mechanic. Plaintiff entered into a covenant not to execute with International, its mechanic and its insurer and brought this action against Allstate for the amount of her judgment against Proctor.

Plaintiff contends in the present action that Allstate was an omnibus insurer of Proctor. Allstate asserts that Proctor was excluded from the coverage of the omnibus clause at the time of the accident by a specific provision of the policy excluding agents or employees of any organization operating a repair shop. The policy provides:

"* * * The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement:

"* * * * *.

"(b) [T]o any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage

garage or public parking place, with respect to any accident arising out of the operation thereof, * * *."

Plaintiff stipulated that International operated a repair shop. The issue is whether Proctor was an agent or employee of International when the accident occurred.

One of the principal contentions of Allstate is that plaintiff is collaterally estopped in this action, because of the rulings and verdict in the personal injury action, from denying that Proctor was the agent of International. The trial court made a conclusion of law that she was estopped and in its letter opinion the trial court mentions only collateral estoppel as the basis of its decision. However, the trial court subsequently specifically stated both as a finding of fact and as a conclusion of law that Proctor was an agent of International and not of Capital City and further concluded as a matter of law that plaintiff is estopped to deny that Proctor was an agent of International. The parties argue in their briefs both the estoppel issue and the issue that, independently of collateral estoppel, the trial court found as a matter of fact and law, that Proctor was the agent of International and not of Capital City. We conclude that the trial court was correct in this latter aspect and, therefore, we do not enter the collateral estoppel morass. See *Jarvis v. Indemnity Ins. Co.*, 227 Or 508, 363 P2d 740 (1961).

If Proctor were an employee of International at the time of the collision, he was in the nature of a "loaned servant" because his general employer was Capital City. In determining whether an employee is a "loaned employee" we have adopted § 227 of 1 Restatement (Second), Agency. (The same section is con-

tained in the initial Restatement.) *Penrose v. Mitchell Bros.*, 246 Or 507, 512, 426 P2d 861 (1967).

Section 227 states:

"A servant directed or permitted by his master to perform services for another may become the servant of such other in performing the services. He may become the other's servant as to some acts and not as to others." 1 Restatement (Second), supra, at 500.

Section 227 may not be completely applicable as Proctor was not directed or expressly permitted by Capital City to drive the truck for the test. However, the general tenor of the section defining the liability of a temporary employer of a servant who is in the general employment of another is applicable.

Comment a. states:

"Whether or not the person lent or rented becomes the servant of the one whose immediate purposes he serves depends in general upon the factors stated in Section 220(2) [The section stating 'whether one acting for another is a servant.']." 1 Restatement (Second), supra, at 500.

Comment a. further states that whether an employee acted as a loaned servant "* * * is a question of fact in each case." 1 Restatement (Second), supra, at 501.

■ In some instances the inferences permissible from the evidence will only permit a finding either that the employee was "loaned" or was not "loaned"; in this event, the decision must be a matter of law. When the inferences are not so limited, however, the decision is one of fact. In *Penrose v. Mitchell Bros.*, supra (246 Or 507), we held the finder of fact would not have been justified in finding that the employees were "loaned." We affirmed the trial court's ruling as a matter of

law that only the general employer was liable for the employee's negligence. In *Hall v. Corning*, 247 Or 33, 37, 427 P2d 105 (1967), we held it was a question of fact whether the employee was "loaned."

As § 227 states in Comment a., above quoted, the problem of determining whether one is a loaned employee is the same as determining whether one is a servant of another. In *Kowaleski v. Kowaleski*, 235 Or 454, 459, 385 P2d 611 (1963), we observed that in deciding whether one is a servant, on some occasions the fact finder, including a jury, "actually decides a policy rather than a factual question." However, we reaffirmed the principle that such is a fact question.

The principle that whether one is a "loaned servant" is usually a fact question has been adopted by other jurisdictions. *Indemnity Ins. Co. v. Cannon*, 94 NH 319, 52 A2d 855 (1947), involved the same exclusion clause for employees of repair shops that is involved in this case. The car owner requested a garage employee to take her to a personal destination and then bring the car back to the garage for a grease job. On the way back to the garage a collision occurred which resulted in a personal injury action being brought against the employee. In a declaratory judgment suit to determine whether the owner's liability insurance covered the garage employee under its omnibus clause the trial court found the employee was not an employee of the garage at the time of the accident, rather he was the owner's borrowed servant. The court affirmed: "This was a question of fact [citation] upon which the finding of the Trial Court cannot be disturbed if there is evidence to sustain it." 94 NH at 321.①

①Accord, Stone v. Bigley Bros., 309 NY 132, 127 NE2d 913, 918 (1955).

■ In the present case conflicting inferences on the issue of whether Proctor became International's borrowed employee and Capital City was not responsible for his actions can be drawn. The plaintiff's allegation in her amended complaint in the personal injury action that Proctor was the agent of International is a judicial admission supporting the trial court's finding. The trial court also could reasonably draw the inference that driving the truck to test the transmission was the business of International and not of Capital City.

■ There was evidence to substantiate the finding of the trial court that Proctor was at the time of the accident an agent or employee of International who operated a repair shop and not of Capital City; therefore, the judgment is affirmed.