**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.**

No. 641.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 7, 1972.

Rehearing Denied Aug. 2, 1972.

Second Rehearing Denied Sept. 13, 1972.

1. All emphasis ours unless otherwise noted.

Tom Lorance, Lorance & Thompson, Houston, for appellant.

John W. Lee, Watkins & Hamilton, Houston, for appellee.

## ON MOTION FOR REHEARING

TUNKS, Chief Justice.

At times material hereto Universal Underwriters Insurance Company (Universal) was the insurer of Champion Chevrolet Company (Champion) whose business includes automobile repairs. Hartford Accident and Indemnity Company (Hartford) was the insurer of Emmett Hine under a Texas standard family automobile policy. A car belonging to Hine was taken to Champion for repairs. After certain repairs had been done Champion's employee, William Hales, with Hine's consent, took the car out for a road test. While Hales was so driving the Hine car a collision occurred. Claims were made against Champion for damages resulting from the collision. Universal called upon Hartford, Hine's insurer, to defend the claims asserted against Champion. Hartford refused to do so. Universal thereupon defended such claims and settled them for amounts stipulated to be reasonable. This suit was filed by Universal against Hartford to recover the reasonable cost of defending and settling the claims made against Champion. Universal contends by its trial pleading and appellate brief that Hales, Champion's employee, was an omnibus insured under the policy issued by Hartford to Hine, and, as such, was covered by the Hartford policy. Hartford contends that Hales was not covered by its policy issued to Hine because such policy provided that it would not apply while the Hine automobile was used by any person other than the owner while such person was engaged in the automobile business.

The case was tried to the court without a jury. No separate statement of facts was filed in this Court. The transcript which was filed includes a stipulation of facts signed by the attorneys for the parties. It contains an approval signed by the trial judge reciting that it is accepted as evidence and ordering it "filed among the papers of this cause as the Statement of Facts herein". One paragraph of the stipulation includes the following language:

"On or about March 24, 1967, there was in force a policy of insurance issued by Universal to Champion Chevrolet Company, a true and correct copy of which has heretofore been introduced in evidence as Plaintiff's Exhibit No. 1."

Another paragraph includes similar language with reference to the Hartford policy, identifying it as "Defendant's Exhibit No. 1." Neither of such policies was attached to the stipulation or otherwise appeared in the record as originally filed in this Court. Appellant's brief attempted to quote the relevant language of the policies of which construction was asked, but such attempted quotation was typographically erroneous and was meaningless. Tex.R.Civ.P. 419 therefore could not be used to supply the absent relevant fact. There was nothing in the record showing the terms of the policies to be construed. That fact was the basis of our original opinion affirming the judgment of the trial court.

After the original opinion herein was handed down appellant timely filed a motion for rehearing and the parties joined in a motion asking that the two insurance policies referred to in the stipulation be included in the record before this Court. We could not permit the filing of a statement of facts after the time permitted therefor by Tex.R.Civ.P. 386 had expired. See also Tex.R.Civ.P. 437. We may, however, permit the correction or completion of a timely filed statement of facts. Mulcahy v. Cohen, 377 S.W.2d 100 (Tex.Civ.App.—

Houston 1964, writ ref'd n. r. e.); Tex.R. Civ.P. 428 and 429. The parties' stipulation as approved by the trial judge was properly included in the transcript. Tex.R. Civ.P. 378. Though such stipulation was not filed in this Court separately as a statement of facts we are of the opinion that Rules 428 and 429 permit its correction and completion. This conclusion is necessary because it is the statement of facts, and not the transcript, that is to be supplemented. The transcript filed is not incomplete or erroneous. The exhibits were offered in evidence, not filed with the clerk as a part of his records of the proceedings. The clerk could not properly include them in his transcript nor otherwise certify them as part of the record before the trial court. That certification must be by the court reporter and the trial judge or by agreement of the parties. Tex.R.Civ.P. 377. We have, therefore, permitted the filing of a supplemental statement of facts certified by the court reporter, approved by the parties and including the two policies in question. Our former opinion is, therefore, withdrawn.

The policy issued by Hartford to Hine and covering the car in question had in it the usual omnibus provision extending coverage to those using the car with Hine's permission. It also had in it a provision excluding coverage under the omnibus clause in the following language: "This policy does not apply under Section I: . . to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business, but this exclusion does not apply to the named insured . . . ." This is the provision upon which Hartford relies as a basis for its denial that its policy covers Hales and Champion. The construction of that provision is the subject of the entire controversy between the parties.

The question presented by this appeal was answered in Tindall Pontiac, Inc. v. Liberty Mutual Insurance Company, 441 S.W.2d 948 (Tex.Civ.App.—San Antonio 1969, writ dism'd). On the basis of that authority we affirm the judgment of the

trial court in this case, holding that Champion and Hales were excluded, by the above quoted provision, from coverage under the omnibus provision of the Hartford policy issued to Hine.

■ The appellant concedes that the holding in the Tindall case is adverse to its position, but contends that is not a sound holding. The principal basis of appellant's argument is that the Tindall holding is not consistent with public policy and good underwriting practice. Those arguments are adequately treated in the Tindall opinion and require no further comment here.

■ Appellant also relies on State Farm Mut. Auto. Ins. Co. v. Pan American Ins. Co., 437 S.W.2d 542 (Tex.Sup.1969). There the majority of the Court held held that the refueling of an automobile was a "maintenance" of it and was not a "use" of it within the meaning of the omnibus coverage clause. It was pointed out that protection of the named insured covered damages arising out of "maintenance" but that protection of the omnibus insured was limited to the "use" of the vehicle. Thus appellant argues that the Hine car was not being "used" by Hales while he was engaged in the automobile business. A fact distinguishing this case from State Farm is that in this case (and Tindall) the mechanic was actually driving the automobile when the collision occurred. We are of the opinion that such driving was a "use" of the automobile within the meaning of the exclusion of omnibus coverage. It is stipulated that in so driving Hales was engaged in the automobile business. However, even if it were held that Hales' driving of the car was "maintenance" and not "use" as included in the exclusion, that would still not mean that the Hartford policy covered his liability. Under the State Farm case he was not an omnibus insured at all if he was engaged in the maintenance of the car rather than in its use. There is no reasonable basis for making a distinction between the meaning of the word "use" in the omnibus clause and

its meaning in the exclusion. That is to say, there must be a use of the car, as distinguished from maintenance of it, before the user becomes an omnibus insured. If that use is made while the user is engaged in the automobile business, as stipulated here, coverage is excluded. Under either meaning to be given the word "use" the judgment of the trial court should be affirmed.

Affirmed.