ROYAL INDEMNITY COMPANY, APPELLEE, *v.* LAUDENBACH ET AL., APPELLANTS.

(No. 7341—Decided March 16, 1973.)

*Mr. Thomas J. Manahan,* for appellee.
*Mr. H. C. Moan,* for appellants.

BROWN, J. Defendant St. Paul Fire and Marine Insurance Co. (hereinafter referred to as St. Paul) appeals from a declaratory judgment which found and declared that the family auto insurance policy issued by St. Paul Fire to the insured, defendant Hazel Laudenbach, afforded primary liability coverage to Brent E. Gottfried and Floyd Dugan Chevrolet, Inc., for the accident described in the Complaint. St. Paul's insurance policy provided liability insurance for a 1968 Chevrolet owned by defendant Hazel Laudenbach. During the period such insurance was in full force, she had taken the automobile to Floyd Dugan Chevrolet, Inc., a defendant, for servicing and repairs. Defendant Brent Gottfried, an employee of Floyd Dugan Chevrolet, Inc., in the course of his employment, was road testing the Laudenbach vehicle. While performing the

road test, Gottfried had a collision with an automobile driven by defendant Alfred Dale. As a result of this collision, Alfred Dale and his insurer, American Modern Home Insurance Co., filed a damage action against Gottfried and Floyd Dugan Chevrolet, Inc. Defendant Laudenbach and her insurer, St. Paul, filed a damage action for the property loss to the Laudenbach Chevrolet.

At the time of the collision, there was in full force and effect a liability insurance policy issued by plaintiff, Royal Indemnity Company, to Floyd Dugan Chevrolet, Inc. Plaintiff contended that the liability insurance policy of St. Paul extended liability coverage to Floyd Dugan Chevrolet, Inc., and its employee, Brent Gottfried, for losses arising from the foregoing collision.

At the time of the collision, the insurance policy of St. Paul contained the following exclusionary clause:

"Exclusions: This policy does not apply under Part 1:

"(g) *to an owned automobile while used by any person while such person is employed or otherwise engaged in the automobile business,* but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership."

St. Paul contends that the exclusionary clause applies to the facts in this case and that consequently the exclusionary language extends no liability coverage to Floyd Dugan Chevrolet, Inc., or its employee, Gottfried. For the reasons we will state herein, the contention of St. Paul is correct. We reverse.

The trial judge, in finding and declaring that defendant St. Paul afforded primary liability coverage to Brent Gottfried and Floyd Dugan Chevrolet, Inc., and was obliged to provide a primary defense for such parties, relied upon and cites as authority *Trolio* v. *McLendon,* 9 Ohio St. 2d 103.

*Trolio, supra,* is distinguishable, for it concerned an

Allstate insurance policy which contained an exclusionary clause (unlike the exclusionary clause of defendant St. Paul excerpted above), which reads as follows:

"2. an owned automobile while used in an automobile business * * *." (Page 104.)

The rationale of *Trolio* is that the road testing of a vehicle by a repairman is not within the meaning of an exclusionary clause which excludes coverage for "an automobile while used in an automobile business." Such a clause has reference to a business use, such as a service vehicle, delivery truck, courtesy car, company vehicle or other vehicle utilized or employed as an incident of the automobile repair business or as a means, tool, or adjunct for or on behalf of such business. *Hammer* v. *Malkerson Motors Inc.*, 269 Minn. 563, 132 N. W. 2d 174; *Chavers* v. *St. Paul Fire and Marine Ins. Co.* (N. D., Ohio), 188 F. Supp. 39, 42; *LeFelt* v. *Nasarow*, 71 N. J. Super. 538, 177 A. 2d 315; *Allstate Ins. Co.* v. *Shawinski*, 40 Ill. App. 2d 136, 140, 189 N. E. 2d 365, 367.

Such an exclusionary clause in the insurance policy in the *Trolio* case, *supra,* is aimed at a "use" and is clearly less inclusive than, and distinguishable from, the exclusionary clause in St. Paul's policy. *Universal Underwriters Ins. Co.* v. *Northwestern Ins. Co.* (S. D. Ill.), 306 F. Supp. 437, 438.

The exclusionary clause contained in St. Paul's policy has a meaning different from the meaning of the exclusionary clause in *Trolio*, and stresses and shifts the emphasis to the business or occupation of "the *person* using the car" and not the business "the car was being used in." Accordingly, St. Paul's exclusionary clause in the policy issued to the owner Laudenbach in this case provides no liability coverage to the garage owner, Floyd Dugan Chevrolet, Inc., or its employee, Gottfried.

Where an automobile is taken to a garage owner for servicing or repairs, and an employee of the garage owner, incident to servicing or repairing the automobile, road tests it, the automobile is within the meaning of the exclusionary language "while used by any person while such per-

son is employed or otherwise engaged in the automobile business during the testing period." *Universal Underwriters Ins. Co. v. Northwestern Ins. Co., supra; Northern Assurance Co. v. Truck Ins. Exchange*, 151Mont. 132, 439 P. 2d 760; *Universal Underwriters Ins. Co. v. Pan American Ins. Co.* (C. A. 5), 450 F. 2d 1050; *Deville v. U. S. Fidelity and Guaranty Co.* (La. App.), 258 So. 2d 694; *Paine v. Finkler Motor Car Co.*, 220 Wisc. 9, 264 N. W. 477; *Eldridge v. Allstate Ins. Co.*, 256 Ore. 281, 473 P. 2d 132; 13 Couch on Insurance 2d, Sections 45:986, 45:987 and 45:988.

Under the omnibus clause of the standard family automobile policy, a provision which excludes liability coverage to an owned automobile while such person is employed or otherwise engaged in the automobile business is based upon sound public policy and is valid, and is also predicated upon sound underwriting policy. Such an exclusionary provision or limitation is applied to the coverage of the omnibus policy so as not to extend coverage to a service station, public garage, sales agency, repair shop, or public parking place, even though such establishment has rightful custody of the vehicle during its operation, maintenance, or use by an employee thereof. *Tindall Pontiac Inc. v. Liberty Mutual Ins. Co.*, 441 S. W. 2d 948, 949; 7 Appleman, Ins. Law and Practice 341, Section 4372; 13 Couch on Insurance 2d, Section 45:980 et seq.; annotation 47 A. L. R. 2d 556.

The judgment of the Court of Common Pleas of Lucas County is reversed and a final judgment is entered in favor of the defendants declaring that the exclusion of liability insurance coverage in St. Paul's policy does apply to Floyd Dugan Chevrolet, Inc., and its employee.

*Judgment reversed.*

Potter, P. J., and Wiley, J., concur.