Argued September 22, affirmed November 15, reconsideration denied
December 15, 1976, petition for review denied February 23, 1977

MYERS, *Respondent,*
*v.*
CARTER, *Respondent,*
and
MARQUAM INVESTMENT CORPORATION,
*Appellant.*
(A76-03-03943, CA 6133)

556 P2d 703

Warde H. Erwin, Portland, argued the cause and filed the brief for appellant.

Frank Wall, Legal Aid Service, Portland, argued the cause and filed the brief for respondent Myers.

No appearance for respondent Wes Carter, Administrator of the District Court of Multnomah County.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

This is an appeal from an order granting a writ of review. Appellant brought a forcible entry and detainer (FED) action in the district court. There was a jury verdict and a judgment for appellant pursuant to which respondent was ordered to vacate appellant's house and to pay $500 in attorney fees and costs. Appeal bond was fixed at $2,000.

Respondent then filed a petition for writ of review in the circuit court alleging that the district court had improperly construed the applicable law. The circuit court entered an order granting the writ and remanding the case for a new trial, and this appeal followed.

The threshold issue is whether a writ of review lies to obtain circuit court review of a district court's construction of the applicable law.

The circumstances under which the writ is appropriate are set forth in ORS 34.040:

> "The writ shall be allowed in all cases where the inferior court, officer, or tribunal other than an agency as defined in subsection (1) of ORS 183.310 in the exercise of judicial or quasi-judicial functions appears to have:
>
> "(1) Exceeded its or his jurisdiction;
>
> "(2) Failed to follow the procedure applicable to the matter before it or him;
>
> "(3) Made a finding or order not supported by reliable, probative and substantial evidence; or
>
> "(4) Improperly construed the applicable law;
>
> to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

The original predecessor to that statute, enacted in 1862, provided that the writ would lie, when no appeal was otherwise available, "where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously or to have exceeded it or his jurisdiction * * *." 1 Hill's Annotated Laws of Oregon, Tit 1, § 585.

Amendment of the statute in 1889 made the availability of the writ expressly concurrent with the right of appeal. 1889 Laws of Oregon, General Laws at 134. Thereafter, the statute remained virtually the same until 1965.

During this time the availability of the writ was consistently limited to cases in which the inferior tribunal had exceeded its jurisdiction or had failed to follow the requisite procedures. *Bechtold et al. v. Wilson et al.,* 182 Or 360, 186 P2d 525, 187 P2d 675 (1947); *Dayton v. Board of Equalization,* 33 Or 131, 50 P 1009 (1897). Mere error in the construction of the law was not deemed to be an "irregularity of a character to invoke a writ of review." *Baker v. Steele et al,* 229 Or 498, 366 P2d 726 (1961).

■ ORS 34.040 was amended in 1965 to provide that the writ would lie if the tribunal acted "arbitrarily."[1] This addition was to allow review for substantial evidence. It did not affect the established principle that the writ would not lie to correct erroneous rulings of law. *See Vollmer v. Schrunk,* 242 Or 196, 409 P2d 177 (1965) (Denecke, J., concurring specially).

■ The 1973 amendments to ORS 34.040, putting the statute in its present form, preserved, in subsections (1) and (2), the traditional grounds for obtaining the writ and substituted subsection (3) for the word "arbitrary." None of these changes was intended to expand the scope of the writ. *Western Amusement v. Springfield,* 274 Or 37, 545 P2d 592 (1976). However, the addition of subsection (4) was so intended. Its purpose was to permit review, on the writ, of administrative rulings for errors of law. This was deemed necessary because the writ is the only means of

----

[1] Oregon Laws 1965, ch 292, § 1, amended ORS 34.040 to read:

"The writ shall be allowed in all cases where the inferior court, officer, or tribunal in the exercise of judicial functions appears to have exercised such functions erroneously *or arbitrarily,* or to have exceeded its or his jurisdiction, to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ.

obtaining judicial review of the quasi-judicial rulings of bodies which are not subject to the Administrative Procedures Act. Subsection (4) was intended to make the scope of review, on the writ, the same as that under the APA.[2]

■ Although subsection (4) was intended to provide review for errors of law where such was not otherwise available, nothing in ORS 34.040 limits its application to such cases. The writ is expressly made available where the "inferior court" has "improperly construed the applicable law," even if there is an alternative right of appeal.[3] ORS 34.040.

■ In considering subsection (4), the legislature was advised that its adoption would create duplicitous appeal remedies.[4] In the case of agencies subject to the

[2]The legislative history reflects that the Office of the Legislative Counsel, at the request of the Law Improvement Committee reviewed suggested changes in ORS 34.040. Regarding subsection (4), they advised the committee that:

"* * * ORS 34.040 is the only means for a person aggrieved by an administrative ruling to seek judicial review if no such review is otherwise provided by statute. Under the Court's interpretation of ORS 34.040, the 'erroneously' ground for granting a writ of review is limited to errors by the administrative body in following prescribed administrative procedures.

"* * * * *

"* * * This pro amendment, if enacted, would allow a writ of review for any administrative ruling (for which no judicial review is otherwise granted by statute) with the elements in the writ of review equal to those in any normal judicial review of such administrative ruling."

[3]All matters arising in district court in which the amount in controversy exceeds $50 may be appealed to the circuit court for a trial de novo. ORS 46.250, ORS 53.090. This permits full reconsideration in the circuit court of all questions of law or fact. The review contemplated by ORS 34.040 is different. It would be limited to questions of jurisdiction, procedure, and error in the construction of the applicable law. Although ORS 34.040(3) authorizes substantial evidence review, consideration on writ of review is, as discussed infra, limited to the record of the court below. Since district courts are not now courts of records, there is no transcript of their proceedings which can be reviewed for substantial evidence. Thus, although appeal and writ of review are concurrent, they are not coextensive.

[4]Letter from Al J. Laue, Assistant Attorney General, to Senator Elizabeth Browne, Chariman, Senate Judiciary Committee, March 28, 1973.

[ 355 ]

APA, whose actions would be reviewable in the circuit court on writ of review on the same grounds for which they were reviewable in the Court of Appeals under the APA, such duplicity was deemed undesirable and the legislature expressly exempted those agencies from the purview of the writ.[5] They did not similarly eliminate alternative means of appealing district court decisions, although they might easily have done so. Whatever the legislature's intent may have been, its words clearly subject inferior courts to review by the circuit court for error in the construction of the applicable law, under ORS 34.040(4), just as it does the quasi-judicial acts of nonjudicial, non-APA bodies.

■ A writ of review must be tried on the record brought from the inferior court. *Wing v. City of Eugene,* 249 Or 367, 437 P2d 836 (1968); *Western Amusement v. Springfield,* supra; *Evans v. Schrunk,* 4 Or App 437, 479 P2d 1008 (1971). The next issue is, therefore, whether the district court record in this case was sufficient to support the circuit court's findings of error.

The first such finding was that the district court erred in overruling respondent's demurrer to appellant's reply.

---

[5]The exemption of the acts of agencies "as defined in ORS 183.310" from review under the writ came in response to criticism that

"* * * [s]imultaneous review of the same question by the Court of Appeals and the Circuit Court would appear to be confusing and a waste of the resources of the litigants and the courts." Letter from Al J. Laue, Assistant Attorney General, to Senator Elizabeth Browne, Chairman, Senate Judiciary Committee, March 28, 1973.

*See also* Letter from Norman O. Nilsen, Commissioner of Labor, to Representative George F. Cole, Chairman, House Judiciary Committee, May 21, 1973.

Effective January 1, 1977, district courts become courts of record and appeals from their judgments go directly to the Court of Appeals. Oregon Laws 1975, ch 611; ORS 46.250, 46.330-46.350. Thus, after January 1, 1977, the availability of the writ of review in the circuit court may present the same problems which the legislature addressed by means of the APA exception to ORS 34.040. It is unlikely that the legislature intended to allow concurrent and coextensive appeals from the district court both to the circuit court and to the Court of Appeals, but we need not consider in this case whether these changes will affect the availability of the writ of review after January 1.

■■ ORS 16.320 provides that a defendant may demur to a reply when it appears "on the face thereof" that it is not a sufficient response to the facts stated in the answer. All that is necessary to determine whether a demurrer was properly overruled is the pleading being challenged and a statement of the grounds upon which it is challenged. In this case, the circuit court had the challenged reply before it in the record. Although respondent's demurrer was made orally on the day of trial and thus would not ordinarily be a part of the record, the district court's order denying the demurrer, which was before the circuit court, clearly stated the grounds upon which the demurrer was made.[6] Therefore the circuit court was able to determine from the record whether it was error to overrule the demurrer.

In her answer to appellant's complaint, respondent asserted retaliatory eviction as an affirmative defense. Appellant's reply contained the following allegation:

> "Plaintiff intends to and will demolish the structure described in plaintiff's complaint and as (sic) contracted therefor, such demolition to commence as soon as defendant is removed from the premises."

This was, apparently, in reply to the defense of retaliatory eviction. ORS 91.865 addresses the problem of retaliatory conduct by a landlord. Subsection (3)(c) of that statute permits eviction notwithstanding retaliatory motives if:

> "Compliance with the applicable building or housing code requires alteration, remodeling or demolition which would effectively deprive the tenant of use of the dwelling unit."

■ Appellant's allegation that it intended to demolish the house is not a defense to retaliatory eviction without a further allegation that such demolition is necessary in order to comply with building or housing

---

[6]The order of the district court stated:

"Defendant filed an oral Demurrer to Plaintiff's Reply for the reason that said Reply failed to state a course of defense to Defendant's Affirmative Defense or counterclaims."

codes. Therefore under ORS 16.320 it was not a sufficient reply to respondent's answer and it was subject to demurrer. The circuit court properly found that it was error for the district court to overrule the demurrer.

 The second challenged finding was that the district court erred in submitting to the jury a verdict form which permitted it to find that a tenancy did not exist. The verdict form is a part of the record and it indicates that the jury so found.[7] The pleadings in this case are, of course, also a part of the record. The existence of a tenancy is established in a letter written by appellant to respondent which is attached to and incorporated in the complaint pursuant to ORS 105.125. Statements contained in the pleadings are considered conclusive judicial admissions. *Eldridge v. Allstate Insurance,* 256 Or 281, 473 P2d 132 (1970); *Bogert v. Spurling et al.,* 191 Or 344, 230 P2d 183 (1951). Thus, whatever evidence may have been adduced at trial, the facts contained in that letter are conclusively established. Those facts are that respondent rented a house from appellant for $100 per month and that she took possession of that house with appellant's permission. It is fundamental that a landlord-tenant relationship exists where one goes into possession of real property with the owner's consent and pays rent in return for that possession. This has been the law in Oregon since at least 1897. *See Weaver v. Oregon Company,* 31 Or 14, 48 P 167 (1897). Therefore, under the pleadings, a tenancy was created as a matter of law and the submission of the issue to the jury was error. The circuit court properly so held.

---

[7] The verdict form as submitted to and completed by the jury contained the following question and instruction:

"We, the jury, duly empaneled to hear the above-entitled case and cause, do render our verdict as follows:

"(1) Was there a meeting of minds as to a landlord and tenant contractual relation?

/s/ No (Yes or No)

"If your answer to the above is 'no,' do not answer any of the following questions."

The circuit court having correctly held that error by the district court in construction of applicable law was shown from the record properly before it, its order granting the writ of review was correct.

Affirmed.