Argued and submitted May 9, affirmed July 6, 1983

THEDE et al,
*Petitioners,*

*v.*

POLK COUNTY et al,
*Respondents.*

(82-049; CA A25566)

665 P2d 1257

Kris Jon Gorsuch, Salem, argued the cause for petitioners. With him on the briefs was Harland, Ritter, Saalfeld & Griggs, Salem.

Wallace W. Lien, Polk County Counsel, Dallas, waived appearance for respondent Polk County.

J. Michael Alexander, Salem, argued the cause and filed the brief for respondents Coy DeLamar and Tom Denman. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioners, private citizens and residents of Polk County, seek judicial review of an order of the Land Use Board of Appeals (LUBA) dismissing their appeal of a land use decision of respondent Polk County that approved a partition of certain rural land. LUBA dismissed the appeal for lack of jurisdiction, because the County's land use decision was made on January 28, 1982, but petitioners' notice of intent to appeal to LUBA was not filed until June 8, 1982 - more than 30 days after the land use decision. LUBA was correct. Or Laws 1979, ch 772, § 4(4) (amended by Or Laws 1981, ch 748, § 35), provides, in pertinent part:

> "(4)   A notice of intent to appeal a land use decision shall be filed [with LUBA] not later than 30 days after the date the decision sought to be reviewed becomes final * * *."

Petitioners urge in this court, as they did before LUBA, that the late filing of their notice of intent to appeal should be excused, because they did not have notice of either the County's hearing on the matter or its subsequent decision to allow the partition.[1] Neither LUBA nor this court has the authority to ignore the statute.

Petitioners argue in the alternative that the County's order is not "final," because petitioners were not given the the required notices of hearing and decision. An initial obstacle to this argument arises from the specific language of petitioner's notice of intent to appeal:

> "Notice is hereby given that petitioners intend to appeal the land use decision of [Polk County] entitled Special Exception 80-10, Denman-DeLamar, which *became final January 28, 1982.* * * *" (Emphasis supplied.)

This is close to a judicial admission. *See, e.g., Myers v. Carter, Marquam Invest. Corp.,* 27 Or App 351, 556 P2d 703 (1976), *rev den* (1977). Petitioners argue in this court, however, that the

---

[1] Petitioners allege that they were entitled to notice because they had participated as parties in this same matter during two previous reviews by LUBA, the second of which resulted in a remand to the County which, in turn, led to the order presently appealed from. No question of their standing has been raised. *See Benton County v. Friends of Benton County,* 294 Or 79, 653 P2d 1249 (1982); *Warren v. Lane County,* 62 Or App 682, 662 P2d 755 (1983).

foregoing language was used inadvertently, "without the benefit of counsel," and should therefore not be construed to be an admission. Assuming (without deciding) that this argument will move petitioners past this hurdle, there are other hurdles ahead.

Petitioners, assuming that this court (and LUBA) can somehow get past the specific language of their notice of appeal, argue that the County's order in this case is not proper (as contrasted with not being "final"), because petitioners had no notice of (1) the hearing which led to the order or (2) the order itself, although they were entitled to both.

The record before LUBA in this case does not establish either of petitioners' propositions concerning notice. Petitioners rely on statements they made to LUBA in their "Response to Motion to Dismiss" on June 21, 1982. However, those statements were not under oath; they are not "evidence" that LUBA should—or could—consider in making its ruling. LUBA's only authority to supplement the record is provided in Or Laws 1979, ch 772, § 4(7) (amended by Or Laws 1981, ch 748, § 35):

> "(7)   Review of a decision under sections 4 to 6, chapter 772, Oregon Laws 1979, shall be confined to the record. *In the case of disputed allegations of unconstitutionality of the decision, standing, ex parte contacts or other procedural irregularities not shown in the record* which, if proved, would warrant reversal or remand, the board may take evidence and make findings of fact on those allegations. * * *" (Emphasis supplied.)

Petitioners' allegations may fairly be read to be "disputed allegations of unconstitutionality of the decision * * * or other procedural irregularities not shown in the record," triggering the hearing procedure authorized by section 4(7). In fact, in their same "Response to Motion to Dismiss," petitioners specifically stated:

> "* * * If an evidentiary hearing is appropriate in light of the allegations herein, petitioners so move."

However, LUBA did not hold such a hearing, and its failure to hold a hearing is not assigned as error in this court.[2] Absent

---

[2] In fact, none of the parties has even cited section 4(7).

such an assignment, we will not consider the matter. *See, e.g., State v. Linthwaite,* 295 Or 162, 665 P2d 863 (1983). Whether petitioners can now have the notice issue resolved in another forum is not before us.

Because LUBA had before it a notice of intent to appeal which was, on its face, untimely, and no proper evidence in the record before it which could even arguably create a question as to petitioners' right to appeal later than the statutes authorize, LUBA's order of dismissal was proper.

Affirmed.